(March 12, 1996)

In the Matter of EDWARD D. DIAZ, Respondent, v BRUCE GOLDMAN, Appellant. [638 NYS2d 656]

Petitioner was notified of respondent's decision to terminate his employment as Associate Director of Hospital Police and

Non-Emergency Transportation at Harlem Hospital, following respondent's investigation of allegations made against petitioner by one of petitioner's subordinates, Special Officer Rebecca Caraballo. According to Ms. Caraballo, petitioner had arranged for her to work in close proximity to him and had thereafter systematically harassed her both verbally and physically; she complained that petitioner addressed her inappropriately, on one occasion calling her a "bitch", and that he would turn his reading of the log book kept by her into an opportunity to lean suggestively over her shoulder. She stated that petitioner had once grabbed and kissed her. When notified of these charges, petitioner provided a detailed response in which he characterized Ms. Caraballo as a difficult and disgruntled subordinate whose complaint had been vindictively motivated by fair criticism of her job performance rather than by any legitimate grievance. Petitioner, however, admitted that he had called Ms. Caraballo a bitch. The charges against petitioner were investigated by an Equal Employment office Hearing Officer who, in the course of her inquiry, interviewed numerous persons including petitioner and those petitioner had indicated were supportive of him. The Hearing Officer concluded that the charges possessed substance and accordingly recommended petitioner's dismissal. Petitioner was thereupon notified of his imminent termination and immediately sought and received administrative review of the termination decision. When the determination was administratively upheld, petitioner commenced the within CPLR article 78 proceeding alleging in essence that he had been denied the process he was due as a condition of terminating his employment. The IAS Court agreed with petitioner, annulled the challenged determination and ordered petitioner reinstated with an award of back pay. The court noted "There is absolutely no evidence in the administrative record before the Court that respondent ever considered any item of evidence or testimony presented on Diaz' [petitioner's] behalf or otherwise, [sic] investigated the truth of Caraballo's allegations."

Contrary to the IAS Court's apparent understanding of the governing legal principles, respondent was not obligated to make any showing to demonstrate the propriety of its decision to discharge petitioner. It is undisputed that petitioner was an at-will employee and that, as such, he was subject to termination for any legally inoffensive reason, so long as respondent did not act in bad faith (*Matter of York v McGuire*, 63 NY2d 760, 761; *Matter of Soto v Koehler*, 171 AD2d 567, 568, *lv denied* 78 NY2d 855). It was entirely at odds with the concept of at-will employment and the consequently broad and largely

unreviewable prerogatives of the employer in an at-will situation, for the court to have required that respondent carry the burden of proving the absence of bad faith. The very strong presumption in allocating the evidentiary burden should have been that respondent acted appropriately and, accordingly, if bad faith was to be shown it was petitioner's burden to show it (*supra*). The record, however, is devoid of such evidence. It is plain that the reason provided for petitioner's dismissal offended no law or public policy and that the process from which the challenged determination resulted was at least adequate to safeguard whatever right to continued employment petitioner enjoyed as an at-will employee. Petitioner's bare allegations to the effect that respondent's investigation was "one-sided" are patently insufficient to create any issue as to whether the challenged termination was accomplished in bad faith (*see, Matter of Cortijo v Ward*, 158 AD2d 345). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.