■ In the Matter of GOLDIE PITCHFORD, Appellant, v STATE OF NEW YORK et al., Respondents. [700 NYS2d 709] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 27, 1999, which denied petitioner's application to annul respondent Commissioner of Department of Correctional Services' determination demoting petitioner from her position of Superintendent to Senior Counselor, and dismissed the petition, unanimously affirmed, without costs.

An employee at will, such as petitioner, may be discharged (or, as here, demoted) without a hearing or a statement of reasons for the discharge, and that judicial review is limited to whether the discharge was in violation of constitutional, statutory or decisional law, or made in bad faith (see, Matter of Diaz

*v Goldman*, 225 AD2d 344, 345-346). Evidence in the record supporting the conclusion that petitioner used her facility's equipment for improper political purposes establishes that the demotion was made in good faith. The conflicting evidence as to the exact instructions that petitioner gave her assistant, and the fact that respondent Commissioner was to be an honored guest at the political dinner petitioner improperly promoted, do not raise issues of fact as to bad faith warranting a hearing (*see*, *Matter of Johnson v Katz*, 68 NY2d 649; *Matter of Medina v Sielaff*, 182 AD2d 424, 427-428). Since an at-will employee can be discharged for any or no reason, we decline to review the severity of the penalty. Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.