In the Matter of MELVIN G. HAZARD, Respondent, *v.* BOARD OF EDUCATION, HORSEHEADS CENTRAL SCHOOL DISTRICT No. 1, Appellant.

Third Department, June 21, 1962.

*Cramer, Donovan, Graner & Davidson* (*Ralph S. Cramer* of counsel), for appellant.

*Personius, Marinan, Mustico & Sullivan* (*Thomas J. Sullivan* of counsel), for respondent.

*McGivern & Mills* (*Bernard T. McGivern* of counsel), for New York State School Boards Association, Inc., *amicus curiæ.*

*John E. Glenn* for New York State Teachers Association, *amicus curiæ.*

GIBSON, J. Appeal is taken from an order of the Supreme Court at Special Term which, in a proceeding under article 78 of the Civil Practice Act, annulled the action of the respondent-appellant Board of Education denying tenure to petitioner in his position as a secondary education teacher and directed that he be reinstated therein, with tenure.

Petitioner was appointed to the position on July 1, 1957 for a probationary period of three years. By resolution of March 21, 1960, upon the recommendation of the Superintendent of Schools, the board purportedly granted tenure, effective July 1, 1960; but on April 12, 1960 the board formally rescinded this action and subsequently, by resolution of May 13, 1960, specifically denied tenure.

Concededly, the procedure is governed by subdivision 2 of section 3012 of the Education Law, which in pertinent part provides: " *At the expiration of the probationary term* of a person appointed for such term  *  *  *  the superintendent of schools shall make a written report to the board of education *recommending* for *appointment* on tenure those persons who have been found competent, efficient and satisfactory." (Emphasis supplied.) The statute (formerly numbered section 312-a) has been conclusively construed as requiring " that the probationary term must *first expire* before the employee could be recommended for tenure and appointed." (*Matter of High* v. *Board of Educ.*, 169 Misc. 98, 101, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; emphasis as in original.) Consequently, in the *High* case, the Superintendent's recommendation of tenure, the board's approval thereof and offer of tenure and the petitioner's acceptance, all prior to the expiration of the probationary term, were ineffectual and the board's rescission thereof was valid. The decision in *High* is clearly controlling here and we find no sound basis for distinguishing it, as Special Term has done, by reason of the later addition (L. 1952, ch. 407) to subdivision 2 of the sentence: " Each person who is not to be recommended for appointment on tenure, shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period." This purely directory provision in no way affected the substance of the legislative plan for appointment on tenure. In fact, substantially the same provision was added at the same time and by the same chapter to subdivision 2 of section 3013 in which the power of appointment by the Board of Education or the trustees was express and so remains. Here, indeed, the amendatory provision was no longer operative once the Superintendent had recommended petitioner for appointment on tenure, as he did. In any case, and certainly as respects a statute requiring strict construction, far more explicit language would be required to warrant the conclusion that the amendment in some way divested or diluted the board's appointive power (explicitly recognized in *Matter of High* v. *Board of Educ., supra*, pp. 100–101) and by implication conferred it upon the Superintendent.

The order should be reversed, on the law and the facts, and the petition dismissed, without costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed, without costs.