■ In the Matter of JOHN PASTORE, Respondent-Appellant, v CITY OF TROY et al., Appellants-Respondents.—Yesawich, Jr., J. Cross appeals from a judgment of the Supreme Court (Prior, Jr., J.), entered February 27, 1989 in Rensselaer County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent City of Troy Chief of Police dismissing petitioner from his position as a police officer.

After passing the appropriate civil service test and completing a five-month police academy training course, petitioner began on-the-job training as a probationary police officer for respondent City of Troy in Rensselaer County. Three and one-half weeks later, petitioner was discharged without cause. Petitioner brought this CPLR article 78 proceeding seeking reinstatement, back pay and benefits. Supreme Court found that petitioner had presented a strong case of "ill-will" and bad faith on respondents' part sufficient to require a hearing. However, the judgment rendered ordered petitioner's reinstatement based on the procedural "bad faith" and caprice inhering in respondents' failure to substantially comply with applicable local civil service rules in discharging petitioner. Respondents appeal therefrom; petitioner's cross appeal is directed at Supreme Court's failure to award him back pay and related benefits.

Noncompliance with local civil service rules is not irrebuttable evidence of bad faith—for such a determination to be made there must be a trial. Be that as it may, since the rules enacted by the Troy Municipal Civil Service Commission pursuant to Civil Service Law § 63 have "the force and effect of law" (Civil Service Law § 20 [2]; *see, Matter of Albano v*

*Kirby,* 36 NY2d 526, 529), noncompliance with their spirit regarding probationary service, which in part functions to provide "the appointee with an opportunity to show his or her fitness" *(Matter of Albano v Kirby, supra,* at 531), does require vacatur of the illegal action *(see, Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003), i.e., the probationary employee must be returned to his probationary status *(Matter of Green v Commissioner of Envtl. Conservation of State of N. Y.,* 105 AD2d 1037, 1038, *appeal dismissed* 64 NY2d 884).

Although respondents characterize the procedural omissions here as mere "mis-steps" or "technical" violations, we find that description inappropriate in view of respondents' concession that petitioner was not advised periodically of his status and progress nor given one week of notice prior to termination *(see,* Rules of Troy Mun Civ Serv Commn, rule XIV [5]; *see also,* 4 NYCRR 4.5 [a] [5] [iii]; *Matter of Sanchez v Town of Brookhaven,* 232 NYS2d 238, 239, *affd* 19 AD2d 864).

While petitioner is entitled to reinstatement, he is not entitled to back pay unless his dismissal was made in bad faith or was unconstitutionally motivated *(see, Matter of Montero v Lum,* 68 NY2d 253, 261; *cf., Matter of Going v Kennedy,* 5 AD2d 173, 178, *affd* 5 NY2d 900). Since Supreme Court found a prima facie case of bad faith, a trial is required to determine petitioner's back pay claim. Petitioner is not, however, entitled to a name-clearing hearing inasmuch as the statement the employer disseminated in connection with petitioner's dismissal was not stigmatizing, nor has petitioner asserted that it was substantially false *(see, Matter of Lentlie v Egan,* 61 NY2d 874, 875-876).

Given the result reached, we deem it unnecessary to address petitioner's remaining contentions.

Judgment modified, on the law, without costs, by remitting the matter to the Supreme Court for a trial on the issue of petitioner's entitlement to back pay and benefits and emoluments of his employment, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.