■ In the Matter of BOARD OF EDUCATION OF THE DEER PARK UNION FREE SCHOOL DISTRICT, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent.— Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York State Public Employment Relations Board, dated March 1, 1989, made

after a hearing, as, upon a finding that the petitioner Board of Education of the Deer Park Union Free School District committed improper labor practices in terminating the employment of two of its bus drivers, directed the reinstatement of the two bus drivers with back pay.

Adjudged that the determination is confirmed insofar as reviewed, and the proceeding is dismissed on the merits, with costs, the counterclaim for enforcement is granted, and the petitioner is directed to comply with the determination dated March 1, 1989.

The principal question to be determined is whether the record contains substantial evidence to support the determination of the respondent New York State Public Employment Relations Board (hereinafter PERB) that the petitioner Board of Education of the Deer Park Union Free School District (hereinafter the District) committed an improper labor practice when it terminated the positions of District bus drivers Marie Forte and Nancy Brault due to their attendance at a PERB hearing at a time during which they were required to have been transporting students. We find that there was substantial evidence to support PERB's determination.

To establish improper motivation under the Taylor Law *(see,* Civil Service Law § 209-a [1] *et seq.),* a charging party (here, the Deer Park School Bus Drivers' Union [hereinafter the Union]) must prove that it was engaged in protected activities, and that the party charged had knowledge of and acted because of those activities. If the charging party proves a prima facie case of improper motivation, the burden of persuasion shifts to the party charged to establish that its actions were motivated by legitimate business reasons *(see, Matter of City of Salamanca v City of Salamanca D.P.W. Employees,* 18 PERB ¶ 3012, at 3027; *Matter of Town of Newark Val. v Union of Town of Newark Val. Highway Dept. Employees,* 16 PERB ¶ 4621, at 4776).

The Union established that Brault's and Forte's attendance at the hearing was a protected activity *(see, National Labor Relations Bd. v Scrivener,* 405 US 117; *Matter of City of Salamanca v City of Salamanca D.P.W. Employees, supra; Matter of Town of Newark Val. v Union of Town of Newark Val. Highway Dept. Employees, supra,* at 4778). The District was clearly aware that Brault and Forte attended the hearing since it terminated them on the ground that their attendance constituted insubordination *(see, Matter of City of Salamanca v City of Salamanca D.P.W. Employees, supra,* at 3027). The Union also established that Brault and Forte were terminated

because of their attendance at the hearing since other employees who disregarded District attendance policies received less severe punishments.

The District failed to demonstrate that the termination of Brault and Forte was motivated by legitimate business concerns *(see, Matter of City of Salamanca v City of Salamanca D.P.W. Employees,* 18 PERB ¶ 3012, at 3027, *supra).* These employees "were only absent from work for two and one-half hours and actually performed their afternoon bus runs". We therefore conclude that the determination by PERB, which " 'is presumed to have developed an expertise and judgment that requires [this court] to accept its [findings] if not unreasonable' " *(Matter of Civil Serv. Employees Assn. v Newman,* 61 NY2d 1001, 1004), was supported by substantial evidence in the record *(see, Matter of County of Nassau v State of New York Pub. Employment Relations Bd.,* 103 AD2d 274, 277). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.