In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [700 NYS2d 564] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that Holbrook Fire District did not commit an improper employer practice.

In October 1996, Holbrook Fire District (hereinafter the

District) filed eight charges of misconduct and/or incompetence against Jason Feinberg, a firehouse attendant, pursuant to Civil Service Law § 75. The charges alleged, *inter alia*, that Feinberg permitted unauthorized personnel in his work area, participated in inappropriate activities during work hours, failed to timely complete certain work assignments and follow standard operating procedures in performing certain work-related activities. In January 1997, prior to the commencement of the disciplinary hearing, petitioner filed an improper employer practice charge pursuant to Civil Service Law § 209-a with respondent Public Employment Relations Board (hereinafter PERB) on behalf of Feinberg. Petitioner alleged that the District proffered disciplinary charges against Feinberg in retaliation for his efforts at organizing a union. Following the disciplinary hearing, the Hearing Officer issued a report and recommendation finding Feinberg guilty of six of the charges and recommending that his employment be terminated. In accordance therewith, the District discharged Feinberg.

Thereafter, petitioner and the District stipulated that, rather than holding a separate hearing, the record of the proceedings conducted in connection with the disciplinary charges would be used by the Administrative Law Judge (hereinafter ALJ) in resolving the improper practice charge. In July 1998, the ALJ rendered a decision finding, *inter alia*, that the District had committed an improper practice by discharging Feinberg in retaliation for protected union activities. Of particular significance to the ALJ was the fact that other employees who engaged in the same misconduct were not disciplined. Upon the filing of exceptions by the District, PERB reversed the decision of the ALJ concluding, *inter alia*, that "the ALJ should have deferred to the findings of the hearing officer that the charges against Feinberg were brought by the District for proper business reasons and not to retaliate against him for his organizing activities". Petitioner commenced this CPLR article 78 proceeding challenging PERB's determination which was subsequently transferred to this Court.

Petitioner challenges, *inter alia*, PERB's reliance upon the findings of the Hearing Officer in the Civil Service Law § 75 proceeding as the basis for its determination that the District did not commit an improper practice in discharging Feinberg. Initially, we note that deference is typically accorded PERB's findings with respect to matters falling within its expertise and its determination will not be disturbed if supported by substantial evidence (*see, Matter of Village of Scotia v New York State Pub. Empl. Relations Bd.*, 241 AD2d 29, 31). We

have recognized, however, that the relevant inquiry in a proceeding pursuant to Civil Service Law § 75 is very different than that in an improper practice proceeding under Civil Service Law § 209-a. In the former, the focus is upon whether there was cause for the employee's dismissal (*see, Matter of City of Albany v Public Empl. Relations Bd.*, 57 AD2d 374, 375-376, *affd* 43 NY2d 954; *Sag Harbor Union Free School Dist. v Helsby*, 54 AD2d 391, 393). In the latter, it is whether the employer's action was motivated by anti-union animus and "it is irrelevant * * * whether or not cause for the employer's action in terminating [the employee] actually existed" (*Matter of City of Albany v Public Empl. Relations Bd.*, *supra*, at 375).

In reversing the ALJ's decision and adopting the Hearing Officer's findings, PERB relied upon its policy of deference (*see, Matter of New York City Tr. Auth. [Bordansky]*, 4 PERB 3031). Our review of the Hearing Officer's decision in the Civil Service Law § 75 proceeding reveals that he did not fully consider the dispositive issue in the improper practice proceeding, i.e., whether Feinberg's firing was improperly motivated. Because of this omission, PERB's deference to the Hearing Officer's findings as the sole basis in resolving the improper practice charge was inappropriate. Accordingly, it must be annulled and the matter remitted for an independent review of the ALJ's decision of petitioner's improper practice charge in light of all the evidence contained in the record of the Civil Service § 75 proceeding. In view of our disposition, we need not address petitioner's remaining claims.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted to the extent of remitting the matter to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision.