■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, WESTCHESTER COUNTY LOCAL 860, UNIT 9200, Respondent, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants. [714 NYS2d 614] —Graffeo, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 29, 1999 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul that part of a determination of respondent Public Employment Relations Board denying an unconditional award of back pay and benefits to Michael Holcomb resulting from his discharge from the position of maintenance laborer.

The sole issue before this Court is the propriety of the determination of respondent Public Employment Relations Board (hereinafter PERB) concerning the remedy due Michael Holcomb, a probationary employee terminated from his employment as a maintenance laborer with the Westchester County Department of Environmental Facilities (hereinafter DEF), after DEF was found to have acted in violation of Civil Service Law § 209-a (1) (a) and (c).

In his previous employment with the County, Holcomb had served as a grievance representative and shop steward for the local chapter of petitioner Civil Service Employees Association (hereinafter petitioner) and had made an unsuccessful run for the presidency of his local bargaining unit. When he was hired by DEF in January 1997 on a probationary basis, Holcomb held no position as a union representative but he did informally attempt to provide assistance to his co-workers in connection with job-related and union matters. Holcomb's supervisor was aware of his prior union activities and in the course of reprimanding Holcomb for a failure to provide timely notice of an absence, his supervisor noted that Holcomb did not need to have a union representative present because he was "involved with the union" and was knowledgeable regarding "union business."

On March 17, 1997, Holcomb suffered an on-the-job injury, allegedly causing his absence from work for significant periods of time. As a result, DEF directed Holcomb to submit to a medical examination on May 19, 1997 and the physician found him fit to return to "light duty" work. However, Holcomb was informed that same day that his employment had been terminated. The job performance evaluation prepared by his supervisor just prior to his termination rated Holcomb as "unsatisfactory" in nine categories, "sometimes below average" in nine other categories, and "satisfactory or average" in the remaining three categories. In the comment section of the evaluation form, his supervisor further indicated that Holcomb "tries to get involved with every bodies [sic] union business even if they don't want him involved."

Petitioner challenged Holcomb's termination and a hearing ensued before an Administrative Law Judge (hereinafter ALJ) who determined that the supervisor's evaluation and discharge recommendation were "tainted by union animus" and therefore, constituted an improper employer practice. The ALJ was unable to conclude whether Holcomb's employment would have been continued absent the "union animus," citing deficiencies in proof which rendered it "impossible to say, on this record, that Holcomb would have received a favorable evaluation absent [his supervisor's] concern over his perceived union activism." Pertinent to this appeal, the ALJ ordered that the evaluation be rescinded and that Holcomb be reinstated to his previous position, with back pay and benefits. DEF was additionally directed to perform a de novo evaluation of Holcomb's job performance after a probationary period, without consideration of his union activities.

Upon its review, PERB affirmed the ALJ's finding of an improper employer practice, but modified the remedy accorded Holcomb. PERB directed that Holcomb be reinstated to his former job title with placement outside DEF and that he serve a second probationary period. At the conclusion of the probation, a de novo evaluation of his job performance was to be conducted "without consideration of his union activities for the purpose of obtaining a recommendation regarding whether he should be continued in employment." PERB further concluded that the ALJ's unconditional order of back pay and benefits was inappropriate and ordered that Holcomb would be entitled to reimbursement for lost pay and benefits only if the de novo evaluation resulted in a recommendation that his employment be continued.

This CPLR article 78 proceeding was commenced by peti-

tioner seeking to annul PERB's determination to the extent that it conditioned Holcomb's award of back pay and benefits upon a future evaluation and recommendation of continued employment. Supreme Court granted the petition, holding that the conditional award was unreasonable and remitting the matter to PERB for a modification granting Holcomb an unconditional award of back pay and benefits. Respondents now appeal. "To establish improper motivation under the Taylor Law (see, Civil Service Law § 209-a [1] et seq.), a charging party * * * must prove that it was engaged in protected activities, and that the party charged had knowledge of and acted because of those activities. If the charging party proves a prima facie case of improper motivation, the burden of persuasion shifts to the party charged to establish that its actions were motivated by legitimate business reasons" (Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 167 AD2d 398, 399, lv denied 77 NY2d 805 [citations omitted]; see, Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella, 253 AD2d 46, 51, lv denied 93 NY2d 810.) If an employer's action was motivated by anti-union animus, " 'it is irrelevant * * * whether or not cause for the employer's action in terminating [the employee] actually existed' " (Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd., 267 AD2d 935, 937, quoting Matter of City of Albany v Public Empl. Relations Bd., 57 AD2d 374, 375, affd 43 NY2d 954). In cases where it has been established that an improper practice led to the termination of a probationary employee, PERB has directed "make whole" relief, including reinstatement with an unconditional award of back pay and benefits (see, e.g., Sag Harbor Union Free School Dist. v Helsby, 54 AD2d 391; Matter of United School Workers, 28 PERB ¶ 3045; Matter of Buffalo Police Benevolent Assn., 20 PERB ¶ 3048).

In this case, as PERB concurred with the determination of the ALJ that Holcomb's termination was unlawful, it is evident that PERB found that petitioner had met its burden of establishing prima facie evidence of improper motivation. The burden then shifted to DEF to establish that its actions were founded on legitimate business concerns, i.e., to present sufficient proof that Holcomb's poor job performance justified his discharge (see, Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella, 253 AD2d 46, 51, supra; Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 167 AD2d 398, 399, supra). Since the ALJ held that the performance evaluation that precipitated the discharge was tainted by union animus, which rendered it impossible to determine whether Holcomb's employment would have been continued absent the evaluation, DEF clearly failed to meet its burden.

Because DEF did not establish that Holcomb would have been discharged for reasons unrelated to union animus, we find it unreasonable for PERB to have fashioned a remedy which penalized the employee for the employer's failure of proof. On the basis of PERB's finding that an improper practice occurred, we concur with Supreme Court that Holcomb was entitled to an unconditional award of back pay and benefits.

We further reject PERB's contention that this Court's decision in *Matter of Pastore v City of Troy* (152 AD2d 808) commands otherwise. In *Pastore* (*supra*), a probationary employee brought a CPLR article 78 proceeding alleging that his termination was in violation of local civil service rules which required periodic notification of a probationer's status and progress. Petitioner's claim was remitted to Supreme Court for a hearing to determine whether the violation was committed in bad faith, a prerequisite for recovery of back pay under those circumstances. *Pastore* neither involved a violation of the Taylor Law nor a finding of union animus, and PERB's denial of back pay in this case was not founded on a failure to demonstrate bad faith. Furthermore, PERB may not now raise a contention which it did not proffer in its determination to justify the remedy it devised (*see, Matter of Fromer [Commissioner of Labor]*, 268 AD2d 707). Finally, we note that the grant of back pay in this case is consistent with the procedural concern articulated in *Pastore* since the determination here was made after a hearing.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.