■ In the Matter of KEVIN BARRY, Respondent, v CITY OF NEW YORK et al., Appellants. [800 NYS2d 594]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Fire Department of the City of New York, dated March 11, 2003, terminating the petitioner's employment as a probationary firefighter, the appeal is from a judgment of the Supreme Court, Kings County (Hubsher, J.), dated April 22, 2004, which granted the petition and directed that the petitioner be reinstated to his position as a probationary firefighter.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner was a probationary firefighter. At the time of his appointment, he signed an agreement pursuant to which he agreed, inter alia, to be tested for marijuana, among other substances, on a random basis, at the discretion of the Fire Department of the City of New York, during the 18-month period of his probation. The agreement further provided that the petitioner understood that if there was a finding of the presence of marijuana in his blood or urine, that would be deemed a violation of the agreement, and he would be terminated. During the petitioner's probationary term, his urine tested positive for marijuana and, in accordance with the agreement, he was terminated. There was no pre-termination hearing. The Supreme Court granted the instant petition pursuant to CPLR article 78 to annul the determination terminating him, and directed that he be reinstated. We reverse.

A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (*see Matter of York v McGuire*, 63 NY2d 760 [1984]; *Matter of Cooke v County of Suffolk*,

11 AD3d 610, 611 [2004]). The petitioner failed to carry his burden of raising a material issue as to bad faith, illegal reasons, or a violation of statutory or decisional law (*see Matter of Cooke v County of Suffolk, supra*). Accordingly, the Supreme Court should have denied the petition, confirmed the determination, and dismissed the proceeding on the merits. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.