■ In the Matter of KENNETH JOHNSON, Respondent, v CITY OF NEW YORK et al., Appellants. [823 NYS2d 545]—

In a proceeding pursuant to CPLR article 78 to review a determination terminating the petitioner's probationary employment with the Department of Design and Construction of the City of New York, the appeal, as limited by the appellants' brief, is from so much of an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated February 25, 2005, as annulled the determination, reinstated the petitioner to the position of mechanical engineer, level I, retroactive to the last date of his employment, with full back pay and all accrued emoluments of employment, and directed that the petitioner be assigned work commensurate with his civil service title.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner was a probationary employee with the Department of Design and Construction of the City of New York (hereinafter the DDC) and, as such, his employment could be terminated for any reason, so long as the termination was not in bad faith, for a constitutionally impermissible reason, or in violation of statutory or decisional law (*see Matter of Swinton v Safir,* 93 NY2d 758, 763 [1999]; *Matter of York v McGuire,* 63 NY2d 760 [1984]; *Matter of Robinson v Health & Hosps. Corp.,* 29 AD3d 807 [2006]; *Walsh v New York State Thruway Auth.,* 24 AD3d 755, 757 [2005]; *Matter of Hernandez v City of White Plains,* 301 AD2d 523, 524 [2003]). The petitioner claims that his employment was terminated in retaliation for his filing of a union grievance. Thus, the petitioner had the burden of proving (a) that he was engaged in protected union activity, (b) that the DDC had knowledge of the activity, and (c) that he would not have been discharged from employment but for the activity (*see Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.,* 281 AD2d 425, 425-426 [2001]).

The Supreme Court properly determined that the petitioner established a prima facie case of improper motivation. The burden of persuasion, therefore, shifted to the DDC to establish that its actions were motivated by a legitimate business reason (*see Matter of Board of Educ. of Deer Park Union Free School Dist. v New York State Pub. Empl. Relations Bd.,* 167 AD2d 398, 399 [1990]). The DDC failed to meet this burden, and the Supreme Court properly, inter alia, annulled the DDC's deter-

mination and reinstated the petitioner to the position of mechanical engineer, level I, with full back pay. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.