■ In the Matter of LISA CAPECE, Formerly Known as LISA GRANDE, Respondent, v MARGARET SCHULTZ, Individually and as Community Superintendent of Community School District 31, et al., Appellants. [986 NYS2d 533]—

In a proceeding pursuant to CPLR article 78 to review a determination of Margaret Schultz, in her capacity as Community Superintendent of School District 31, and the New York City Department of Education, which discontinued the petitioner's probationary employment as a teacher at Public School 1, Margaret Schultz, Community School District 31, and the New York City Department of Education appeal from a judgment of the

Supreme Court, Richmond County (Dollard, J.), dated February 10, 2012, which granted the petition, annulled the determination discontinuing the petitioner's probationary employment, and reinstated the petitioner to her position as a teacher at Public School 1, with retroactive seniority, back pay, benefits, and tenure effective as of January 25, 2009.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting the petitioner tenure as of January 25, 2009; as so modified, the judgment is affirmed, without costs or disbursements.

A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see *Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Johnson v New York City Dept. of Educ.*, 73 AD3d 927, 927-928 [2010]; *Matter of Sztabnik v City of New York*, 31 AD3d 456, 456 [2006]; *Matter of Rivera v Department of Educ., City of N.Y.*, 25 AD3d 559, 559 [2006]). The petitioner bears the burden of presenting competent proof of the alleged bad faith, the violation of statutory or decisional law, or the constitutionally impermissible or illegal purpose (see *Matter of Deitch v City of New York*, 90 AD3d 924, 925 [2011]). Here, the petitioner met her burden of demonstrating that the discontinuation of her probationary employment was made in bad faith, showing that the discontinuation followed a letter she wrote to the principal, in her capacity as a union chapter leader, requesting to make up her missed preparation periods. Although, generally, evidence of unsatisfactory performance rebuts a showing of bad faith (see *Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Fichter v Egan*, 223 AD2d 516 [1996]), in response to the petitioner's showing, the appellants failed to establish that the discontinuance of the petitioner's probationary employment was the result of poor performance. The record demonstrates that the petitioner began to receive "Unsatisfactory" ratings only after she asked the principal to make up her missed preparation periods, and it was at that point that the evaluations of the petitioner's performance began to precipitously decline. Accordingly, the Supreme Court properly annulled the determination and reinstated the petitioner to her former position, with retroactive seniority, backpay, and benefits (see *Matter of Johnson v City of New York*, 34 AD3d 484 [2006]).

However, the appellants correctly contend that the Supreme Court exceeded its authority by granting the petitioner tenure

effective as of January 25, 2009. " 'While the court is empowered to determine whether the administrative body acted arbitrarily, it may not usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance' " (*Lipsman v New York City Bd. of Educ.*, 133 AD2d 810, 811 [1987], quoting *Burke's Auto Body v Ameruso*, 113 AD2d 198, 200-201 [1985]). The grant of tenure is determined by a majority vote of the board of education following a probationary period of three years (*see* Education Law § 3012 [1]). The probationary term must be completed before the employee can be considered for tenure (*see Matter of Hazard v Board of Educ., Horseheads Cent. School Dist. No. 1*, 16 AD2d 481 [1962]). Since the petitioner's probationary term had not expired when her probationary employment was discontinued as of July 25, 2008, she was not yet eligible for tenure at the time of her termination, and she did not seek such relief in her petition. Accordingly, the Supreme Court erred in granting the petitioner tenure as of January 25, 2009.

The appellants' remaining contentions are either academic in light of our determination or without merit. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.