■ In the Matter of STEVEN GRIFFIN, Appellant, v MTA NEW YORK CITY TRANSIT AUTHORITY, Respondent. [7 NYS3d 481]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated November 13, 2013, which terminated the petitioner's probationary employment as a subway conductor, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated July 11, 2013, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On May 21, 2012, the petitioner was appointed by the respondent as a probationary subway conductor. In October 2012, the petitioner sustained injuries in an off-duty motor vehicle accident, and was absent from work for a period of more than 21 days. As a condition of returning to work, the petitioner was required to undergo a medical evaluation, including the administration of a drug test. On November 7, 2012, the petitioner was informed that he had tested positive for cocaine, and on November 13, 2012, the respondent terminated the petitioner's employment. Thereafter, the petitioner commenced the instant CPLR article 78 proceeding.

A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the termination was in bad faith, for a constitutionally impermissible purpose, or in violation of statutory or decisional law (*see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Capece v Schultz*, 117 AD3d 1045, 1046 [2014]). Here, the petitioner failed to carry his burden of presenting competent proof of bad faith, illegal reasons, or a violation of statutory or decisional law (*see Matter of Swinton v Safir*, 93 NY2d at 762-763; *Matter of Capece v Schultz*, 117 AD3d at 1046; *Matter of Ward v Metropolitan Transp. Auth.*, 64 AD3d 719, 720 [2009]; *Matter of Barry v City of New York*, 21 AD3d 551 [2005]).

Moreover, the penalty of termination was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Trotta v Ward*, 77 NY2d 827 [1991]; *Matter of Kelly v Scoppetta*, 56 AD3d 475 [2008]; *Matter of Kirk v City of New York*, 47 AD3d 406 [2008]; *Matter of Barry v City of New York*, 21 AD3d 551 [2005]).

The petitioner's remaining contentions are without merit.
Eng, P.J., Dillon, Chambers and Barros, JJ., concur.