Matter of Santucci v City of Mount Vernon (2018 NY Slip Op 06745)





Matter of Santucci v City of Mount Vernon


2018 NY Slip Op 06745


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-03786
 (Index No. 3369/15)

[*1]In the Matter of Dennis Santucci, appellant, 
v
City of Mount Vernon, respondent.


Bergstein & Ullrich, LLP, Chester, NY (Stephen Bergstein of counsel), for appellant.
Martino & Weiss, Rye Brook, NY (Douglas J. Martino of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Robert A. Neary, J.), entered March 7, 2016. The order and judgment, insofar as appealed from, denied the petition to review a determination of the City of Mount Vernon dated June 26, 2015, terminating the petitioner's probationary employment as a network administrator, and dismissed the proceeding.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted to the extent of awarding the petitioner seven days of pay at the salary he was earning at the time his probationary employment was terminated, the petition is otherwise denied, and the proceeding is otherwise dismissed.
The petitioner worked for the City of Mount Vernon as a probationary employee in the position of network administrator beginning on January 5, 2015. Prior to the expiration of his probationary term, the petitioner was informed that his probationary period was being extended three months, to July 6, 2015. On June 26, 2015, the petitioner was advised orally and by letter that his probationary employment was being terminated that day. The petitioner commenced this CPLR article 78 proceeding, challenging the determination to terminate his probationary employment. He asserted, among other things, that his probationary employment had been terminated in bad faith, based upon his filing of a harassment complaint concerning a City employee from a different department. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the termination was in bad faith, for a constitutionally impermissible purpose, or in violation of statutory or decisional law (see Matter of Swinton v Safir, 93 NY2d 758, 762-763; Matter of York v McGuire, 63 NY2d 760, 761; Matter of Griffin v MTA N.Y. City Tr. Auth., 127 AD3d 1083, 1084; Matter of Capece v Schultz, 117 AD3d 1045, 1046). Here, the petitioner failed to carry his burden of proving bad faith, illegal reasons, or a violation of statutory or decisional law (see Matter of Swinton v Safir, 93 NY2d at 762-763; Matter of Griffin v MTA N.Y. City Tr. Auth., 127 AD3d at 1084; Matter of Ward v Metropolitan Transp. [*2]Auth., 64 AD3d 719, 720). Among other things, the petitioner failed to submit evidence that his discharge was related to his filing of the harassment complaint, which had been investigated and found to be unsubstantiated.
Nevertheless, the petitioner correctly contends that, in terminating his employment, the City failed to comply with 4 NYCRR 4.5(b)(5)(iii). That regulation requires, among other things, that a probationer who is to be discharged from employment for unsatisfactory service receive written notice at least one week prior to termination (see 4 NYCRR 4.5[b][5][iii]). Here, the petitioner received written notice on the day his employment was terminated, and the City did not rebut the petitioner's assertion that he had not received oral notice prior to that date. Accordingly, it cannot be said that the City substantially complied with 4 NYCRR 4.5(b)(5)(iii) (cf. Matter of Schuman v Westchester County Health Care Corp., 304 AD2d 585, 585; Matter of Glenn v State Univ. of N.Y., Purchase Coll., 243 AD2d 712; Matter of Rosenberg v Wickham, 36 AD2d 881, 882).
Under the circumstances of this case, including that the petitioner was deprived of the required seven days' notice but was notified of his discharge prior to the expiration of his period of probation (cf. Matter of Mogilski v Westbury Union Free Sch. Dist., 158 AD3d 692), we deem it appropriate to award him the relief he has requested on appeal for the failure to comply with 4 NYCRR 4.5(b)(5)(iii), specifically, one day's pay, at the salary he was earning at the time of his discharge, for each of the seven days he was not provided the requisite notice (cf. Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist., 14 NY3d 729, 731; Matter of Tucker v Board of Educ., Community School Dist. No. 10, 82 NY2d 274, 277; Matter of Brunecz v City of Dunkirk Bd. of Educ., 23 AD3d 1126; Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y., 82 AD2d 832, 834). The Court of Appeals has determined that such a remedy is appropriate in the analogous context in which a school authority fails to give a probationary teacher 30 days' written notice of termination, as required by Education Law § 3019-a (see Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist., 14 NY3d at 731; Matter of Tucker v Board of Educ., Community School Dist. No. 10, 82 NY2d at 277; see also Matter of Brunecz v City of Dunkirk Bd. of Educ., 23 AD3d 1126; Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y., 82 AD2d at 834). Seven days of pay is what the petitioner would have received had the City complied with the applicable regulation by making the petitioner's discharge effective seven days after it provided the written notice.
The petitioner's remaining contention is without merit.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court