Matter of Cangero v County of Nassau

2026 NY Slip Op 02265

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rocco Cangero, respondent,

v

County of Nassau, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-08251, (Index No. 603859/22)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Sheriff's Department dated February 2, 2022, which terminated the petitioner's probationary employment as a correction officer, the appeal is from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered August 24, 2022. The judgment granted the petition and, in effect, annulled the determination.

ORDERED that the judgment is affirmed, with costs.

In March 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Sheriff's Department (hereinafter the Sheriff's Department) dated February 2, 2022, which terminated the petitioner's probationary employment as a correction officer. The petitioner alleged, among other things, that he was terminated in bad faith after he complained about being assigned excessive overtime hours. In a judgment entered August 24, 2022, the Supreme Court granted the petition and, in effect, annulled the determination. This appeal ensued.

"The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Lane v City of New York, 92 AD3d 786, 786). "The petitioner bears the burden of presenting competent proof of the alleged bad faith, the violation of statutory or decisional law, or the constitutionally impermissible or illegal purpose" (Matter of Capece v Schultz, 117 AD3d 1045, 1046; see Matter of Young v City of New York, 221 AD3d 721, 722).

Here, the petitioner met his burden of demonstrating that the determination to terminate his probationary employment was made in bad faith. The petitioner established that his termination of probationary employment followed a complaint he made regarding being assigned excessive overtime hours and the purported failure of the Sheriff's Department to comply with Rule 20 of the Sheriff's Department Rules and Regulations, which requires equal distribution of overtime (see Matter of Capece v Schultz, 117 AD3d at 1046; Matter of Johnson v City of New York, 34 AD3d 484, 485). In response to the petitioner's showing, the appellants failed to establish, or even [*2]adequately allege, that the termination of the petitioner's probationary employment was made in good faith (see Matter of Capece v Schultz, 117 AD3d at 1046; Matter of Johnson v City of New York, 34 AD3d at 485).

Accordingly, the Supreme Court properly granted the petition and, in effect, annulled the determination.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court