■ In the Matter of ANTHONY J. CONNOR, Petitioner, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [802 NYS2d 683]—

Determination of respondent Police Commissioner, dated June 24, 2003, terminating petitioner's employment as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William A. Wetzel, J.], entered January 13, 2004) dismissed, without costs.

Respondent's rejection of petitioner's claim that his ingestion of cocaine was unknowing is based in part upon the Hearing Officer's conclusion that the amount of cocaine metabolite in the urine sample is inconsistent with his claim of unknowing ingestion and upon findings of credibility. There is substantial support in the record for the former and the latter is largely beyond our review (see Matter of Adams v Police Dept. of City of N.Y., 256 AD2d 28 [1998], lv denied 93 NY2d 818 [1999]; Matter of Taylor v Raiford, 159 AD2d 309 [1990]). The penalty of dismissal does not shock our sense of fairness (see Matter of Gordon v Brown, 84 NY2d 574, 580 [1994]; Matter of Jackson v Safir, 261 AD2d 348 [1999]). Petitioner waived his argument that the Hearing Officer should have admitted a certain tape into evidence. In any event, since respondent did not argue that petitioner's testimony at the administrative hearing was a recent fabrication, the Hearing Officer correctly declined to admit the prior consistent statements (see People v McDaniel, 81 NY2d 10, 18 [1993]). We find no support in the record for petitioner's claim that the Hearing Officer was biased against him. Concur—Tom, J.P., Mazzarelli, Friedman, Catterson and McGuire, JJ.