■ In the Matter of MICHAEL MANCINI, Petitioner, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [809 NYS2d 30]—

Determination of respondent New York City Department of Environmental Protection, dated July 27, 2005, finding petitioner, respondent's employee whose responsibilities include driving dump trucks and other large vehicles, guilty of refusing to supply a specimen for a random urine drug test in violation of, inter alia, 49 CFR 40.191 (a) (3), and suspending petitioner, without pay, for 60 days, unanimously confirmed, the petition

denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paul G. Feinman, J.], entered October 18, 2005) dismissed, without costs.

The hearing officer found that respondent's main witness, the urine collector, had violated regulations mandating privacy in a single-toilet room (49 CFR 40.41 [e] [1]; 40.63 [d] [1]), and that petitioner's failure to provide a urine sample was therefore not a violation of the applicable federal and city regulations. However, the Commissioner rejected this finding, and, crediting the urine collector's testimony over petitioner's, found that there was no violation of the above regulations pertaining to privacy. No basis exists to disturb this finding of credibility. The findings of a hearing officer, while entitled to much weight, are not conclusive and may be overruled by the officer with the power to remove or discipline, provided, of course, that the latter's action is supported by substantial evidence (*Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]; *see also Matter of Milano v New York City Taxi & Limousine Commn.*, 305 AD2d 326, 327 [2003], *lv denied* 5 NY3d 707 [2005] [respondent's Commissioner/Chairperson entitled to disagree with the Administrative Law Judge's credibility findings as to manner in which drug test was administered, and thus to reach a contrary finding as to test's reliability]). In view of the foregoing, we do not address the Commissioner's additional finding that petitioner would be guilty of refusing to provide a urine specimen even if his privacy had been violated in the manner claimed. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.