■ In the Matter of Anthony Chiofalo, Petitioner, v Raymond W. Kelly, as Police Commissioner of the City of New York, et al., Respondents. [893 NYS2d 552]—

Determination of respondent Police Commissioner, dated August 3, 2007, terminating petitioner's employment as a detective, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered May 22, 2008), dismissed, without costs.

Respondent Commissioner was entitled to substitute his own judgment for that of respondent Assistant Deputy Commissioner of Trials, including on matters of credibility, since that judgment is supported by substantial evidence (*see Matter of Dobrin v Safir*, 272 AD2d 134 [2000]; *see also Matter of Mancini v New York City Dept. of Envtl. Protection*, 26 AD3d 178 [2006]). In rejecting petitioner's claim that he ingested marijuana unknowingly, the Commissioner relied on the Police Department's scientific evidence that inadvertently ingesting marijuana in contaminated food and inhaling secondhand smoke could not cause the high levels of marijuana in petitioner's hair samples (*see Matter of Connor v New York City Police Dept.*, 22 AD3d 425 [2005]). We reject petitioner's claim that using the radioimmunoassay method of hair testing violated his Fourth Amendment right against unreasonable search and seizure because the use of that method was not authorized by the Police Department's collective bargaining agreement with petitioner's union. The Court of Appeals has held that the Commissioner was empowered to choose the method of drug testing, and that choice was not subject to collective bargaining (*see Matter of City of New York v Patrolmen's Benevolent Assn. of City of N.Y., Inc.*, 14 NY3d 46 [2009]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ.