■ In the Matter of JON GOLDIN, Appellant, v RAYMOND W. KELLY, Commissioner of the New York City Police Department, Respondent. [908 NYS2d 678]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 16, 2009, which denied the CPLR article 78 petition to annul the determination of respondent, dated April 7, 2008, after a departmental hearing finding petitioner guilty of possession and ingestion of cocaine and dismissing him from the department, unanimously vacated, on the law, the determination unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

Supreme Court erred in not transferring the entire proceeding to this Court, as it raises a question of substantial evidence (CPLR 7804 [g]); hence we vacate the order.

The hearing commissioner and, ultimately, respondent, properly considered the positive results of his random hair drug test. The Court of Appeals has ruled definitively that the NYPD's change in its random drug testing procedures from urinalysis to hair testing was not a mandatory subject of collective bargaining (*see Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.*, 14 NY3d 46, 57-60 [2009]), and thus, contrary to petitioner's contention, the fact that hair drug testing was deemed to be an improper practice by the New York City Office of Collective Bargaining (OCB) at the time it was used against petitioner in his disciplinary action (as opposed to the time the testing occurred) does not render the use of such evidence unlawful (*see Matter of Chiofalo v Kelly*, 70 AD3d 423 [2010]). Thus petitioner's motion to suppress the results of his hair drug test was properly denied, and the hearing commissioner and respondent were justified in considering that evidence in finding him guilty of the charges and dismissing him from the force.

In light of the test results that petitioner had a level of cocaine in his system that was four times the level that might indicate inadvertent use, and petitioner having failed to persuade the hearing commissioner that the level of cocaine detected was the result of passive ingestion due to intimate sexual contact with his cocaine-using girlfriend and not due to intentional ingestion, a rational basis clearly existed for, and substantial evidence clearly supported, the finding that petitioner was guilty of cocaine ingestion and possession and the determination that he

should be dismissed (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Sullivan County Harness Racing Assn. v Glasser*, 30 NY2d 269, 277-278 [1972]; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]).

Finally, there is no merit to petitioner's contention that respondent's use of the results of the hair drug test against him violated prior determinations of the OCB finding the use of such testing to be an improper practice (*see Matter of Detectives Endowment Assn. [City of New York]*, 77 OCB 37 [BCB 2006] [Decision No. B-37-2006], at 23; *Matter of Captains Endowment Assn. [City of New York]*, 77 OCB 38 [BCB 2006] [Decision No. B-38-2006], at 14), and/or this Court's order, entered in *Matter of City of New York v Patrolmen's Benevolent Assn.* (Sup Ct, NY County, Dec. 5, 2007, Wilkins, J., index No. 400007/07, *stay granted* 2008 NY Slip Op — [U] [2008]), staying enforcement of Supreme Court's order annulling the OCB's determinations. The OCB's decisions did not expressly bar the continuance of any disciplinary proceedings that had already begun as a result of a positive hair drug test, only the continued administration of hair drug testing itself. Nor did respondent violate this Court's March 13, 2008 order granting a stay only to the "extent of limiting radioimmunoassay [of hair] by petitioner-respondent [NYPD to usage prior to August 1, 2005] pending hearing [and determination] of [the] appeals [taken] by [the] respective appellants." (2008 NY Slip Op 66843[U].) This order prohibited the NYPD from conducting *further random* hair drug testing and limited such testing to the extent that it was permitted prior to August 1, 2005 (i.e., for end-of-probation employees, those under reasonable suspicion of drug use, and those who voluntarily submitted to hair drug testing [*see Matter of City of New York*, 14 NY3d at 49]), but did not bar the NYPD from making use of the *results* of any random hair drug tests that had been lawfully conducted after August 1, 2005 and before such testing was held by the OCB to be an improper practice on December 4, 2006. In any event, petitioner fails to demonstrate that the proper remedy for any violation by respondent of these orders is annulment of respondent's decision terminating him and his reinstatement to the police force.

We have considered the parties' remaining contentions and find them unavailing. Concur—Friedman, J.P., Nardelli,

DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30646(U).]**