■ In the Matter of TERENCE J. DEITCH, Respondent, v CITY OF NEW YORK et al., Appellants. [935 NYS2d 79]—

The petitioner/plaintiff (hereinafter the petitioner) was a probationary police officer employed by the New York Police

Department (hereinafter the NYPD). The NYPD terminated the petitioner's employment, without a hearing, after his end-of-probation drug testing revealed a positive result for cocaine. The petitioner commenced this hybrid CPLR article 78 proceeding and action against the City of New York and the NYPD (hereinafter together the appellants) seeking, inter alia, to be reinstated and to recover damages for his allegedly wrongful termination. In the order appealed from, the Supreme Court determined, among other things, that the hair follicle drug test administered by the NYPD to the petitioner ran afoul of the collective bargaining process and, therefore, that the termination of the petitioner's employment based upon the subject test was in bad faith. We reverse the order insofar as appealed from.

"A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Barry v City of New York,* 21 AD3d 551, 551 [2005]). "The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence" (*Matter of Robinson v Health & Hosps. Corp.,* 29 AD3d 807, 809 [2006] [internal quotation marks omitted]). Here, contrary to the reasoning of the Supreme Court, the appellants did not illegally or improperly administer the subject hair follicle test and, instead, properly considered the positive results of the subject test (*see Matter of City of New York v Patrolmen's Benevolent Assn. of the City of N.Y., Inc.,* 14 NY3d 46, 49 [2009]; *Matter of Goldin v Kelly,* 77 AD3d 475, 476 [2010]; *Matter of Chiofalo v Kelly,* 70 AD3d 423 [2010]). Since the petitioner failed to establish that his termination, based upon those test results, was in bad faith or was otherwise illegal or arbitrary and capricious, the Supreme Court should have denied the petition and confirmed the determination (*see Matter of Goldin v Kelly,* 77 AD3d at 476; *Matter of Chiofalo v Kelly,* 70 AD3d at 423; *Walsh v New York State Thruway Auth.,* 24 AD3d 755, 757 [2005]; *Matter of Santoro v County of Suffolk,* 20 AD3d 429 [2005]).

Based upon the foregoing, the appellants' remaining contention has been rendered academic. Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.