Determination of respondent, dated January 19, 2012, which terminated petitioner’s employment as a detective for the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered on or about September 18, 2012), dismissed, without costs.
The determination that petitioner possessed and ingested cocaine was supported by substantial evidence, including the positive random drug test results (see generally 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). There is no basis for disturbing the Hearing Officer’s credibility determinations (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
The penalty imposed does not shock our sense of fairness since respondent “is accountable to the public for the integrity of the Department” (Trotta v Ward, 77 NY2d 827, 828 [1991] [internal quotation marks omitted]; see also Matter of Chiofalo v Kelly, 70 AD3d 423 [1st Dept 2010]; Matter of Connor v New York City Police Dept., 22 AD3d 425 [1st Dept 2005]).
We have considered petitioner’s remaining contentions, including his concerns about the impact his termination has on his retirement benefits, and find them unavailing. Concur— Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.