■ In the Matter of MICHAEL CARDO, Appellant, v JOSEPH A. MURPHY, JR., as Personnel Director of the New York State Department of Correctional Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Director of Personnel of the New York State Department of Correctional Services terminating petitioner's employment at Green Haven Correctional Facility, the appeal is from a judgment of the Supreme Court, Dutchess County (Dachenhausen, J.), dated December 20, 1983, which denied the application and denied petitioner's motion for summary judgment as moot.

Judgment affirmed, with costs.

Petitioner *pro se,* claims on appeal that he is entitled to a so-called name-clearing hearing, because of the stigma attached to his dismissal. "Although a protectible liberty interest may arise in such a situation (*Board of Regents v Roth,* [408 US 564, 573]), no hearing is required unless the reasons for the discharge could be said to affect petitioner's 'good name, reputation, honor or integrity' (*id.*) and such reasons are publicly disclosed by respondents (*Codd v Velger,* 429 US 624, 628; *Bishop v Wood,* [426 US 341, 348])" (*Matter of Carter v Murphy,* 80 AD2d 960, 961; see *Matter of Thomas v New York Temporary State Comm.,* 83 AD2d 723, affd 56 NY2d 656). A review of the record indicates that the reasons articulated for petitioner's discharge were not stigmatic

within the meaning of *Roth* (*Matter of Ause v Regan,* 59 AD2d 317). Moreover, petitioner failed to allege public dissemination by respondents of the reasons for his dismissal. Therefore, we find that petitioner was not entitled to a name-clearing hearing.

Further, we find petitioner's argument that he raised issues of fact entitling him to a trial to be without merit. Inasmuch as petitioner was a probationary employee, it was permissible to terminate his employment "without a hearing and without specific reasons being stated and, in the absence of bad faith, the determination must be upheld (*Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Sargeant v Director, Brooklyn Developmental Center,* 84 AD2d 843, affd 56 NY2d 628; *Matter of Sachs v Board of Educ.,* 71 AD2d 898 [affd 50 NY2d 830])" (*Matter of Ostoyich v State of New York,* 99 AD2d 839). A review of the record supports the conclusion that petitioner's performance was unsatisfactory and establishes that his discharge was made in good faith (see *Matter of King v Sapier,* 47 AD2d 114, 116, affd 38 NY2d 960). We, therefore, conclude that the termination of petitioner's employment was not arbitrary or capricious. Finally, we note that petitioner, as a probationary employee has failed to establish a property interest in continued public employment deserving of due process protection. Accordingly, we affirm Special Term's judgment. Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.