OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Judicial review of the determination to discharge this probationary employee is limited to an inquiry as to whether the termination was made in bad faith. Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith (Matter of King v Sapier, 47 AD2d 114, 116, affd on opn below 38 NY2d 960; see, Matter of York v McGuire, 99 AD2d 1023, affd 63 NY2d 760; Matter of Matsa v Wallach, 42 AD2d 1004, 1005, affd 34 NY2d 891). Special Term had before it affidavits of petitioner’s supervisors detailing "continuing problems concerning her relationships with other staff’ and a meeting with petitioner at which such problems were discussed; a performance appraisal report prepared two months before her termination showing a comparatively low rating regarding her ability to communicate with staff and others; and petitioner’s own lengthy correspondence explaining various problems she had with fellow employees. In the face of such evidence establishing good faith in her termination, no material issue of fact was raised by petitioner’s disputed assertion that the facility deputy director told her she was being discharged to protect other employees from scheduled layoffs. Thus, no hearing of the issue of bad faith was required, and the petition was properly dismissed.
*651 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.