■ In the Matter of EDWARD STOCK, Appellant, v CITY OF NEW YORK DEPARTMENT OF CORRECTION, Respondent. [700 NYS2d 138] —Judgment, Supreme Court, New York County (William Davis, J.), entered March 26, 1999, which denied petitioner's application to annul respondent's determination terminating petitioner's employment as a probationary correction officer and dismissed the petition, unanimously affirmed, without costs.

No issue of fact as to bad faith is raised by petitioner's disputed assertion that respondent was aware of his preexisting back condition at the time it appointed him to the position, or by the fact that respondent had returned petitioner to full duty about a week before it terminated him. Clearly, it was not bad faith on respondent's part to hire petitioner with the intention of assessing his back condition as it related to his performance in training, and then to terminate him after he suffered

back spasms during a training exercise within two weeks of appointment and he was required to avoid any physical activity for over a month. Inasmuch as a correction officer can be called upon to perform strenuous physical tasks, including restraining prisoners, it is evident that petitioner's back condition, described by his physician in a note advising against physical training as "severe lumbosacral syndrome", caused respondent genuine concern about petitioner's ability to perform the job. We are not persuaded otherwise by the circumstance that the decision to terminate was not finally made until shortly after petitioner was returned to full duty (*see, Matter of York v McGuire*, 63 NY2d 760; *Matter of Johnson v Katz*, 68 NY2d 649). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.