■ In the Matter of DEBORAH SANTORO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [798 NYS2d 508]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Suffolk County Police Department dated July 15, 2003, which terminated the petitioner from her employment, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Jones, J.), dated March 14, 2004, and (2) a judgment of the same court entered May 20, 2004, which, upon the decision, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further;

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Approximately three months before the end of her 18-month probationary period, the petitioner's employment as a police officer with the Suffolk County Police Department was terminated

for "unsatisfactory performance." She commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determination terminating her employment.

At any time during the probationary period, a probationary employee may be terminated without a pre-termination hearing and without a statement of reasons (*see Matter of Swinton v Safir,* 93 NY2d 758, 762-763 [1999]; *Matter of York v McGuire,* 63 NY2d 760 [1984]; *Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.,* 1 AD3d 367, 368 [2003]; *Matter of Garypie v Incorporated Vil. of Sag Harbor,* 158 AD2d 598, 599 [1990]; *Matter of Caminiti v New York City Tr. Auth. Police, Dept.,* 125 AD2d 306, 306-307 [1986]). "Judicial review of the determination to discharge [a] probationary employee is limited to an inquiry as to whether the termination was made in bad faith" (*Matter of Johnson v Katz,* 68 NY2d 649, 650 [1986]), or "in violation of statutory or decisional law, or for unconstitutional or illegal reasons" (*Matter of Cooke v County of Suffolk,* 11 AD3d 610, 611 [2004]). The petitioner bears the burden of presenting competent proof of the alleged bad faith, the violation of statutory or decisional law, or the unconstitutional or illegal reasons (*see Hernandez v City of White Plains,* 301 AD2d 523 [2003]).

Applying these principles, the Supreme Court properly denied the petition and dismissed the proceeding. The petitioner's conclusory allegations were insufficient to raise a triable issue of fact as to the respondents' alleged bad faith or improper motive, while the evidence tendered by the respondents supported the conclusion that the petitioner's job performance was unsatisfactory (*see Cooke v County of Suffolk, supra*).

The petitioner's remaining contention is without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.