■ DAVID WALSH, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. [808 NYS2d 710]—

In an action, inter alia, to recover damages for breach of contract and to reinstate the plaintiff to his former position as an employee of the defendant, New York State Thruway Authority, with back pay, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 1, 2004, which granted the defendant's motion to dismiss the action pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction and denied his cross motion to convert the action to a proceeding pursuant to CPLR article 78.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is denied, the cross motion is granted, the action is converted into a CPLR article 78 proceeding, the complaint is converted into a petition, and the proceeding is dismissed.

The plaintiff, David Walsh, was employed by the defendant, New York State Thruway Authority (hereinafter the Authority) in December 2003 when he was charged with numerous disciplinary violations. In settlement of those charges, he entered into a stipulation wherein he agreed to a one-year period of probation, during which the Authority would have the discretion to discharge him for any similar misconduct, in the manner provided for probationary terminations under the Civil Service Law. In February 2004 the plaintiff was charged with similar violations and was discharged without a hearing pursuant to the stipulation. The plaintiff then commenced this action against the Authority in the Supreme Court, inter alia, to recover damages for breach of contract and to reinstate him to his former position as an employee of the Authority with back pay. The Supreme Court granted the Authority's motion to dismiss pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction and denied the plaintiff's cross motion to convert the action to a proceeding pursuant to CPLR article 78.

The Supreme Court erred in declining to convert the plaintiff's action to a CPLR article 78 proceeding. "[T]he courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal, making whatever order is necessary for its prosecution" (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 94 [1975]; *see Town of Fishkill v Royal Dutchess Props.*, 231 AD2d 511 [1996]; CPLR 103 [c]). Here, the plaintiff alleged in his complaint that he was terminated without a hearing in violation of his rights under the Civil Service Law and sought reinstatement to his former position with back pay. Moreover, it is undisputed that the Authority had the statutory authority to issue a final and binding determination with respect to his employment (*see Carson v New York City Dept. of Sanitation*, 271 AD2d 380 [2000]). Thus, this case is clearly within the purview of a CPLR article 78 proceeding, the proper procedural vehicle for reviewing such a termination and, as the necessary parties are before the court, we convert the action to a CPLR article 78 proceeding pursuant to CPLR 103 (c) (*see Di Lorenzo v Carey*, 62 AD2d 583, 590 [1978], *cert denied* 440 US 914 [1979]; *cf. Gomez v Bobker*, 104 AD2d 790 [1984]). However,

upon our review of the record, we conclude that a dismissal on the merits was nevertheless warranted.

A probationary employee may be discharged without a hearing and without a statement of reason in the absence of any demonstration that the dismissal was for a constitutionally-impermissible purpose or in violation of statutory or decisional law (*see Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, 1 AD3d 367, 368 [2003]). Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for an improper or impermissible reason (*see Matter of Swinton v Safir*, 93 NY2d 758, 763 [1999]; *Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]). "The [employee] bears the burden of establishing such bad faith or illegal conduct by competent evidence rather than speculation" (*Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, *supra* at 368).

Here, the appellant failed to show he was terminated in bad faith or for any illegal reason as the record supports the conclusion that he violated the terms of the disciplinary stipulation during the period of his probation. His claims that the Authority failed to credit his explanations or applied too broad a view of what constituted similar misconduct were inadequate to establish that he was terminated in bad faith (*see Matter of Soto v Koehler*, 171 AD2d 567 [1991]; *Matter of Leon v Meehan*, 67 NY2d 613, 615 [1986]).

The parties' remaining contentions have either been rendered academic or are without merit. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.