■ In the Matter of STAR JADA RIVERA, Appellant, v DEPARTMENT OF EDUCATION, CITY OF NEW YORK, Respondent. [806 NYS2d 427]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Department of Education, City of New York, dated November 19, 2003, terminating the petitioner's employment as a probationary parent coordinator, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated December 1, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (*see Matter of York v McGuire,* 63 NY2d 760 [1984]; *Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.,* 1 AD3d 367 [2003]). Here, the petitioner failed to carry her burden of presenting competent proof that her termination was in bad faith, for illegal reasons, or in violation of statutory or decisional law (*see Matter of Johnson v Katz,* 68 NY2d 649 [1986]; *Matter of Santoro v County of Suffolk,* 20 AD3d 429 [2005]; *Matter of Weintraub v Board of Educ. of City School Dist. of City of N.Y.,* 298 AD2d 595 [2002]; *Matter of Cardo v Murphy,* 104 AD2d 884 [1984]). Further, she failed to demonstrate entitlement to a name-clearing hearing

(*see Matter of Swinton v Safir*, 93 NY2d 758 [1999]; *Matter of Cardo v Murphy, supra*). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Cozier, J.P., Ritter, Goldstein and Lifson, JJ., concur.