■ In the Matter of NATHANIEL ROBINSON, JR., Respondent, v HEALTH AND HOSPITALS CORPORATION et al., Appellants. [815 NYS2d 222]—

In a proceeding pursuant to CPLR article 78 to review a determination by the Health and Hospitals Corporation dated April 28, 2004, which terminated the petitioner's appointment as a probationary Special Officer, the appeal is from a judgment of the Supreme Court, Queens County (Agate, J.), dated July 28, 2005, which, in effect, granted the petition and directed the Health and Hospitals Corporation and Queens Hospital Center to reinstate petitioner and classify him as a permanent employee.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In April 2004 the petitioner began a probationary period of employment with the Health and Hospitals Corporation (hereinafter the HHC), as a Special Officer. One month later, however, the petitioner's employment was terminated when it was discovered that he had been issued a criminal court summons in 1983 which he did not disclose on his application. The petitioner then commenced a CPLR article 78 proceeding which was settled in May 2004 when HHC agreed to rescind the termination. In December 2004 the petitioner received a "satisfactory" rating on his "criteria-based performance evaluation." Nevertheless, on April 8, 2005, the petitioner was suspended from his position and, on April 13, 2005, he was advised that he had not satisfactorily completed his probationary period, and that his employment was being terminated.

The petitioner then brought this CPLR article 78 proceeding seeking to be reinstated. The petition alleged, inter alia, that HHC's decision was arbitrary and capricious, and that the termination was in retaliation for bringing the prior CPLR article 78 proceeding. In opposition, HHC alleged that subsequent to the petitioner's December 2004 evaluation, there had been complaints made about his behavior and demeanor on the job, and that he had been suspended on April 8, 2005 after his involvement in a physical altercation with another hospital employee.

The Supreme Court granted the petition and ordered the petitioner to be reinstated as a permanent employee. We reverse.

"[A] probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was in bad faith, for a constitutionally impermissible reason or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Barry v City of New York,* 21 AD3d 551 [2005]; *see also Matter of*

*Swinton v Safir,* 93 NY2d 758 [1999]; *Matter of York v McGuire,* 63 NY2d 760 [1984]). "The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence . . . [and] [s]peculative and/or conclusory allegations of bad faith [or] improper motive . . . are insufficient to meet this burden" (*Matter of Gulemi v Bradley,* 267 AD2d 386, 387 [1999]; *see also Matter of Cooke v County of Suffolk,* 11 AD3d 610 [2004]; *Matter of Weintraub v Board of Educ. of City School Dist. of City of N.Y.,* 298 AD2d 595 [2002]).

Here the petitioner failed to carry his burden of raising a material issue as to bad faith or any other impermissible reason for his termination (*see Matter of Johnson v Katz,* 68 NY2d 649 [1986]). In any event, the record demonstrates that the petitioner's dismissal was rationally based, and that his allegations to the contrary are either conclusory or speculative in nature, and thus insufficient to warrant the granting of the petition. Therefore, the Supreme Court erred in substituting its opinion for that of the HHC regarding the decision to dismiss the petitioner from his position probationary employment as a Special Officer (*see Matter of Dash v Brown,* 199 AD2d 41 [1993]; *Matter of Atkinson v Koch,* 161 AD2d 152 [1990]; *Matter of Soto v Koehler,* 171 AD2d 567 [1991]). Rather, the court should have denied the petition, confirmed the determination, and dismissed the proceeding on the merits (*see Matter of Barry v City of New York, supra*). Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.