In the Matter of DONALD SZTABNIK, Appellant, v CITY OF NEW YORK et al., Respondents. [817 NYS2d 666]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents City University of New York and LaGuardia Community College dated August 22, 2002, which terminated the petitioner's probationary employment as chief administrative superintendent and reassigned him to his prior title of administrative superintendent, the petitioner appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), dated December 21, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"A probationary employee may be discharged without a hearing and without a statement of reason in the absence of any demonstration that the dismissal was for a constitutionally-impermissible purpose or in violation of statutory or decisional law" (*Walsh v New York State Thruway Auth.*, 24 AD3d 755, 757 [2005]; *see Matter of Montero v Lum*, 68 NY2d 253, 257-258 [1986]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, 1 AD3d 367, 368 [2003]). Here, contrary to the petitioner's contention, he was not entitled to the procedural protections of

Civil Service Law § 75 insofar as he was removed from his appointed position prior to his satisfactory completion of a one-year probationary period (*see* City Univ of NY Personnel Rules & Regulations §§ 5.4.1, 5.4.2).

Further, we agree with the Supreme Court that the petitioner failed to meet his burden of showing that he was terminated "for a constitutionally-impermissible purpose or in violation of statutory or decisional law" (*see Walsh v New York State Thruway Auth., supra* at 757). The petitioner's speculative allegations of retaliatory conduct on the part of the respondents were insufficient to meet this burden (*see Walsh v New York State Thruway Auth., supra; Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist., supra* at 368).

The petitioner's remaining contentions are without merit. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.