■ In the Matter of STEWART WARD, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [883 NYS2d 282]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated July 3, 2007, terminating the petitioner's employment, the petitioner

appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated May 22, 2008, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was hired as a probationary bus operator in January 2006. During his first 12 months of employment, the probationary period, he was involved in three accidents and was counseled three times. Before the expiration of the initial 12-month probationary term, his probationary status was extended for an additional six-month period, during which he was involved in two incidents involving customer complaints. He was counseled after the first one in May 2007. However, after the second one in June 2007 the petitioner's employment was terminated. There was no pre-termination hearing. The Supreme Court denied the petition and, in effect, dismissed the proceeding brought pursuant to CPLR article 78 to annul the determination to terminate his employment. We affirm.

A court's review of a determination to terminate the employment of a probationary employee is "limited to consideration of whether the dismissal was in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons. Unless a material issue of fact is raised as to one or more of these conditions, a probationary employee may be terminated without a hearing or a statement of reasons. Insofar as is relevant here, the petitioner had the burden of raising a material issue as to bad faith or illegal reasons, and conclusory allegations of misconduct or unlawfulness are insufficient to meet this burden" (*Matter of Cooke v County of Suffolk*, 11 AD3d 610, 611 [2004] [citations omitted]).

Here, the petitioner failed to carry his burden of raising a material issue of fact as to bad faith or any other impermissible reason for his dismissal, and his allegations to the contrary are either conclusory or speculative in nature (*id.*). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding (*see Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.*, 62 NY2d 897, 899 [1984]; *Matter of Cooke v County of Suffolk*, 11 AD3d at 611; *see also Matter of Johnson v Katz*, 68 NY2d 649 [1986]).

The petitioner's remaining contention is without merit. Florio, J.P., Miller, Covello and Austin, JJ., concur.