Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered March 17, 2008, which denied petitioner’s application brought pursuant to CPLR article 78, seeking to declare that respondents’ denial of petitioner’s certificate of completion of his probationary employment and the termination of his probationary employment were in violation of Education Law § 2573 (1) (a), and dismissed the proceeding, unanimously affirmed, without costs.
Petitioner, a school social worker, was notified by letter from Eric Nadelstern, the Chief Executive Officer of the Empowerment Schools, that in accordance with section 2573 (1) of the Education Law, he was denying petitioner’s certificate of completion of his probationary service and terminating his probationary employment. Petitioner contends that this notice was ineffective because Nadelstern did not have the authority to issue it. However, both Nadelstern and Chancellor Klein stated that in or around September 2006, commencing with the start of the 2006-2007 school year, the Chancellor orally delegated to Nadelstern the authority to discontinue probationary service and deny completion of probation to employees.
Section 2590-h (19) of the Education Law provides that the Chancellor may “[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated,” and contrary to petitioner’s assertions, nothing in the cited statute or the pertinent provisions of the Education Law require that the Chancellor’s delegations of authority be in writing. Although petitioner points to instances where the Chancellor has delegated various powers, including the power to *411 terminate probationary employees, to principals and other employees through formal written memoranda, that does not establish that the Chancellor is required to do so. Moreover, the Legislature’s failure to include the requirement of a writing within the scope of the statute may be construed as an indication that its exclusion was intended (see City of New York v New York Tel. Co., 108 AD2d 372, 375 [1985], appeal dismissed 65 NY2d 1052 [1985]).
Furthermore, to the extent petitioner contends that his termination was in bad faith, this argument is unpersuasive in light of the evidence that petitioner received “unsatisfactory” ratings in “[attendance and punctuality,” “[professional attitude and professional growth” and “[m]aintenance of good relations with other teachers and supervisors.” “Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith” (Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). Concur— Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.