■ In the Matter of BEULAH P. JOHNSON, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [900 NYS2d 737]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated November 20, 2007, terminating the petitioner's employment as a probationary librarian, the petitioner appeals from (1) a judgment of the Supreme Court, Kings County (Schneier, J.), dated June 27, 2008, which denied the petition and dismissed the proceeding, (2) an order of the same court dated December 3, 2008, which denied her motion, denominated as one for leave to renew and reargue, but which was, in effect, for leave to reargue, and (3) an order of the same court dated April 29, 2009, which denied her motion to vacate the judgment pursuant to CPLR 5015 (a) (3).

Ordered that the appeal from the order dated December 3, 2008, is dismissed; and it is further,

Ordered that the judgment and the order dated April 29, 2009, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (*see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Sztabnik v City of New York*, 31 AD3d 456 [2006]; *Matter of Rivera v Department of Educ., City of N.Y.*, 25 AD3d 559 [2006]; *Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, 1 AD3d 367 [2003]). Here, the petitioner failed to carry her burden of presenting competent proof that her termination was in bad faith, for illegal reasons, or in violation of statutory or decisional law (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Rivera v*

*Department of Educ., City of N.Y.,* 25 AD3d 559 [2006]; *Matter of Barry v City of New York,* 21 AD3d 551 [2005]; *Matter of Santoro v County of Suffolk,* 20 AD3d 429, 430 [2005]). Thus, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's motion, denominated as one for leave to renew and reargue, was not based upon new facts (*see* CPLR 2221 [e] [2], [3]). Therefore, the motion was, in effect, a motion for leave to reargue (*see* CPLR 2221 [d]), the denial of which is not appealable (*see Frazzetta v P.C. Celano Contr.,* 54 AD3d 806, 807 [2008]; *Trahan v Galea,* 48 AD3d 791, 792 [2008]).

The petitioner failed to meet her burden of demonstrating that the judgment was procured as a result of fraud, misrepresentation, or other improper conduct on the part of the respondent. Accordingly, the Supreme Court properly denied the petitioner's motion to vacate the judgment (*see* CPLR 5015 [a] [3]; *Calzati v Kaufman Astoria Studios,* 279 AD2d 443 [2001]; *cf. Thakur v Thakur,* 49 AD3d 861, 862 [2008]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.