In the Matter of MARTIN LANE, Appellant, v CITY OF NEW YORK et al., Respondents. [938 NYS2d 597]—

The petitioner was hired as a probationary corrections officer in August 2008. Between November 2008 and September 2009, he had submitted four Use of Force reports and accepted a Command Discipline in connection with three violations of departmental rules stemming from his failure to report for an overtime shift. On May 18, 2010, his probationary employment was terminated.

The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Swinton v Safir, 93 NY2d 758, 762-763 [1999]; Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]; Matter of York v Mc-Guire, 63 NY2d 760, 761 [1984]; Matter of Johnson v New York City Dept. of Educ., 73 AD3d 927 [2010]; Walsh v New York State Thruway Auth., 24 AD3d 755 [2005]; Matter of Wilson v Bratton, 266 AD2d 140, 141 [1999]). Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for the other improper or impermissible reasons set forth above (see Matter of Johnson v Katz, 68 NY2d at 650; Walsh v New York State Thruway Auth., 24 AD3d at 757).

Here, the petitioner's allegations failed to show that he was terminated in bad faith, for a constitutionally impermissible or for illegal purpose, or in violation of statutory or decisional law (see Matter of Johnson v New York City Dept. of Educ., 73 AD3d 927 [2010]; Matter of Ward v Metropolitan Transp. Auth., 64 AD3d 719 [2009]; Walsh v New York State Thruway Auth., 24 AD3d 755 [2005]). His claims that the Command Discipline is-

sued for his violation of departmental rules and regulations was erroneous, and that his use of force in dealing with inmates was justified, were insufficient to establish that his employment was terminated in bad faith (see *Walsh v New York State Thruway Auth.*, 24 AD3d at 756).

The petitioner's speculative allegations of bad faith with respect to the termination of his probationary employment are insufficient to warrant a hearing (see *Walsh v New York State Thruway Auth.*, 24 AD3d 755 [2005]; *Matter of Bourne v New York City Tr. Auth.*, 274 AD2d 581 [2000]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.