OPINION OF THE COURT
Lawrence H. Ecker, J.
Petitioners seek to confirm the arbitrator’s hearing report, discussion and award, dated September 2, 2011 (amended petition, exhibit C). The arbitration proceeding was initiated on behalf of Dominick Hernandez (hereinafter Hernandez).
The following facts are not in dispute. Hernandez is an employee of the County of Orange and the County of Orange Department of Public Works (hereinafter the County) and a member of Civil Service Employees Association, Inc., Local 1000, American Federation of State, County and Municipal Employees Union, AFL-CIO for the County Employees Unit Orange County Local 836 (hereinafter the Union). The County and the Union entered into a collective bargaining agreement dated January 7, 2009 that covered Hernandez as a member of the Union.
Hernandez was hired on September 25, 2006 as a grade 6 laborer II. On June 12, 2010, he was promoted to the position of a grade 7 weigh station operator on a probationary status. Pursuant to the Orange County Rules for the Classified Service (annexed to the answer to petition) rule XV (1) (d), a transfer within the jurisdiction of the same appointing authority of a *507 civil service division shall be subject to a probationary period term of not less than 8 or more than 26 weeks. The section further provides that the probationary period may be waived by the appointing authority.
On September 8, 2010, Hernandez was served by the County with a statement of disciplinary charges (amended petition, exhibit A). As a result, by letter dated October 7, 2010, the County suspended him without pay for 30 days (amended petition, exhibit B), effective from September 8, 2010 through October 11, 2010. Moreover, the County advised Hernandez that, upon his return to work on October 12, 2010, he would be “reinstated in your position of Laborer II.” (Amended petition, exhibit B.)
Two charges were filed against Hernandez, namely misconduct and/or incompetence: theft of services, and misconduct and/or incompetence: willful failure to collect the appropriate and required tipping fees from public user(s). In substance, the specifications were, respectively, that he dumped landscaping debris and other solid waste related to his own personal and commercial business without paying the requisite fees (specification I), and that he willfully failed to collect the appropriate tipping fee(s) from private haulers utilizing the County’s solid waste services (specification II).
A week later, on or about September 14, 2010, Hernandez was arrested and charged in the Town of Newburgh with scheme to defraud in the second degree (20 counts) (Penal Law § 190.60), a class A misdemeanor, and conspiracy in the sixth degree (Penal Law § 105.00), a class B misdemeanor, arising from the same series of incidents relating to dumping of debris and solid waste. On April 26, 2011, Hernandez pleaded guilty to a reduced charge of disorderly conduct (Penal Law § 240.20), a non-criminal violation, on the scheme to defraud charges in full satisfaction of all pending charges. In his in-court plea colloquy, the Assistant District Attorney asked, “Mr. Hernandez, did you act in a disorderly manner by dumping your own garbage from private employment into county dump?” to which Hernandez responded, “From my personal home, yes.” The Assistant District Attorney then said, “The People are satisfied, your Honor.” (Amended petition, exhibit C at 11.)
By letter, dated October 1, 2010, from Charles W. Lee, EE., Commissioner, Orange County Department of Public Works, Hernandez was notified he had failed to successfully complete his probationary period in the title of weigh station operator and will be returned to his permanent position title of laborer II *508 effective October 4, 2010. The letter further advised he could request a conference with the appointing authority within one week of the date of the October 1, 2010 letter.
Thereafter, a hearing was conducted before arbitrator I. Leonard Seiler, on May 27 and July 12, 2011. On the second date of the hearing, July 12th, the County withdrew the second charge and its specification. (Amended petition, exhibit C at 4.)
On September 2, 2011, the arbitrator issued his report, findings and recommendations that concluded Hernandez was not guilty of the charge in the notice of discipline and “his termination shall be rescinded.” (Amended petition, exhibit C at 11.)
Since Hernandez’s return to work on October 12, 2010, he has been employed in his pre-probationary position as a laborer II. As such, his hourly pay is $19.37 per hour. While under suspension Hernandez received $1,005 in unemployment benefits. Upon his reinstatement, the County issued him a check for $2,806.21, based upon 142.5 hours of lost wages. (Rivera aff.) The County submits he was overpaid by the amount of the unemployment payments, which should have been credited against the check issued to him by the County. Hernandez claims he was entitled to be paid at the weigh station operator rate of $20.40 per hour, a difference of $1.03 per hour. If Hernandez is correct, for the period of his suspension, he is owed an additional $146.77 (142.5 hours x $1.03/hour), which would net out to Hernandez owing the County $858.23 ($1,005 less $146.77).
Based upon these facts, the court must determine whether Hernandez should be restored to his pre-suspension position as probationary weigh station operator and, if so, whether the County owes him for unpaid wages at the higher pay grade.
In opposition to the petition, the County initially argues that this arbitration confirmation proceeding is not the proper procedural vehicle to contest the revocation of the weigh station operator probationary position. Rather, it is urged only a CPLR article 78 proceeding may be utilized for this purpose. The County notified Hernandez by letter, dated October 1, 2010, that upon return to work service, he would be reinstated to his position as a laborer II. The four-month statute of limitations required an article 78 proceeding to have been commenced within four months of the receipt of the notification letter, on or before February 1, 2011. The arbitrator’s report and award is dated September 2, 2011, and the instant article 75 proceeding to confirm the arbitrator’s award was filed on December 22, *509 2011, within the applicable one-year statute of limitations for the confirmation of arbitration awards. (CPLR 215 [5].)
The court finds it to be significant that Hernandez could not have known that he would be denied reinstatement to the weigh station operator position until after the award was made on September 2, 2011, notwithstanding Hernandez was notified, as of October 1, 2010, that his probationary status was being revoked. Clearly, the reasons for Hernandez’s suspension, and the ensuing revocation, were predicated upon the administrative charges lodged against him, as well as the criminal prosecution initiated on the County’s complaint.
If Hernandez had initiated an article 78 proceeding within four months of the date of the revocation of his probationary status, October 1, 2010, the relief sought of his reinstatement could not have been granted, as the forum in which his removal was being contested, upon the only charges that were made against him, was the arbitration proceeding in accordance with the collective bargaining agreement. In fact, during the four-month limitation period from October 1, 2010 to February 1, 2011, the arbitration hearing had not commenced. Thus, there was no final determination from which to seek article 78 review. (CPLR 7801 [1].)
It cannot be gainsaid that had the Union initiated an article 78 proceeding on Hernandez’s behalf, the County would have claimed there was a pending arbitration and moved to dismiss it (CPLR 3211 [a] [5]), thereby precluding the court’s consideration of the article 78 proceeding. Lastly, there is no evidence in this record that Hernandez was on notice, some 11 months prior to the arbitrator’s ruling, that the October 7, 2010 letter regarding his 30-day suspension would later be interpreted by the County as authority for denying him reinstatement to the probationary weigh station operator position, as that was the job he held at the time of his suspension, and from which the arbitrator has ruled “his termination shall be rescinded.” (Amended petition, exhibit C at 11.) The letter dated September 8, 2010 to Hernandez (amended petition, exhibit A), setting forth the charges, provided in its preamble “[Y]ou are hereby terminated, effective immediately, for the following reasons.” The court concludes the termination at that time could only have been from the weigh station operator position, and it was from that letter and that position, that the arbitration proceeded to the award.
The court finds that whether in the form of an article 78 proceeding, or in the form of an article 75 proceeding, the nec *510 essary parties are before the court, and the issues to be decided are identical. The commencement of this proceeding pursuant to CPLR article 75, within four months of the issuance of the award, was timely, both as to CPLR article 75 and as to CPLR article 78. The court finds that it has personal jurisdiction and subject matter jurisdiction to adjudicate the respective rights and obligations of the parties, regardless of the form of the proceeding. Accordingly, the court rejects the inappropriateness of remedy argument in the County’s memorandum of law, point II, relative to the necessity of petitioner having to initiate an article 78 proceeding within four months of October 1, 2010. There is no bar to the court’s consideration of the issues raised in this petition within the remedy of a proceeding to confirm under CPLR article 75.
The County further argues that it has complied with the award by paying Hernandez the back pay due him for the period of his suspension, and by reemploying him in his preprobationary position as laborer II. (County’s mem of law, point I.) The County supports this position by claiming that the award is silent with regard to Hernandez’s continued entitlement to the promotion as weigh station operator, and that the issue of his demotion was never placed before the arbitrator for his consideration. This ignores the underlying issues presented and argued in this proceeding.
Both Hernandez and the County focus their argument regarding reinstatement to the probationary weigh station operator position as dependant upon the court’s finding of bad faith on the part of the County. The court does not view its authority of review as being so limited. The County cites Matter of Lane v City of New York (92 AD3d 786 [2d Dept 2012]) in support of its argument relative to bad faith. In Lane, the probationary employee was an initial appointee to the position of correction officer, who was found to have violated three departmental rules, properly leading to his termination, and eliminating the necessity of the court inquiring as to the employer’s alleged bad faith. Accordingly, the County’s reliance on Lane is misplaced.
Here, Hernandez was an existing employee promoted within the system to a higher position, albeit probationary. After the County’s withdrawal of charge II, the arbitrator found him not guilty of charge I. In finding Hernandez not guilty, the arbitrator was well aware of the disorderly conduct conviction. The County submitted a certified copy of the court disposition at the hearing (County exhibit 1) which the arbitrator referenced at page 8 of the hearing report and award.
*511 At the time of his guilty plea and allocution, Hernandez specifically limited his culpability in only admitting to disposing of personal garbage at the landfill without payment, while denying he disposed of any commercial debris without paying as alleged in the disciplinary proceedings. While this court did not have the benefit of the transcript of the February 7, 2011 guilty plea colloquy, it is apparent that Hernandez was found not guilty, based in part on issues of credibility on the part of the County’s witnesses, as recognized by the arbitrator (amended petition, exhibit C).
Hernandez cites Matter of Cohen v Koehler (181 AD2d 285 [1st Dept 1992]) in support of his argument that the County was guilty of bad faith in revoking his probationary status. Notwithstanding Cohen was reversed (82 NY2d 882 [1993]), the Court of Appeals’ decision would seem to assist Hernandez rather than doom him.
In Cohen, a probationary correction officer brought an article 78 proceeding seeking reinstatement to the rank of correction captain. The respondent department had demoted him based upon findings of multiple rule violations that were determined without a hearing. In reversing the lower courts, and denying reinstatement to the probationary correction captain position, the Court held it is the burden of the employee to establish the demotion was for an improper reason or bad faith. Significantly, the Court used the word “or” rather than the word “and,” together with the separately stated dual phrases, “improper reason” and “bad faith.” (Id. at 884.) Had the Court used the conjunctive “and” to couple together these two phrases, or wished to state that the phrase “bad faith” subsumes the phrase “improper reason,” this court would agree that Hernandez would be required to prove that the County had exercised bad faith. However, given the Cohen Court’s use of the stand-alone phrase “improper reason,” this court determines that under the facts of this case, the County’s demotion of Hernandez from weigh station operator to laborer II was for an “improper reason,” and not dependant upon a separate finding of bad faith. On the record facts herein, the County’s action in declining to reinstate Hernandez following its withdrawal of one charge and the arbitrator’s finding of not guilty on the other charge is “arbitrary and capricious.”
The fact that the arbitrator did not specifically state that Hernandez should be restored to the position he held at the time of his suspension does not justify upholding the demotion *512 and denying reinstatement to the position he held prior to the initiation of the termination proceedings and criminal prosecution. It is clear from the arbitrator’s findings and recommendations, based upon the entire record before him, including the disorderly conduct disposition, that Hernandez was found not guilty. Whether in a criminal or civil context, a finding of “not guilty” after an administrative hearing or criminal trial has, and should have, significant ramifications. As a matter of law, the court finds the arbitrator’s rescission of Hernandez’s termination was from the probationary position of grade 7 weigh station operator, and that he is entitled to reinstatement to that position.
In view of the foregoing, it is hereby ordered that the arbitration award dated September 2, 2011 is hereby confirmed; and it is further ordered that the County immediately restore Dominick Hernandez to the position of probationary weigh station operator; and it is further ordered that the County shall credit Hernandez for the time he has accrued in the position of probationary weigh station operator, from the first date he was placed in that position on June 12, 2010, through and including the last date of his suspension from that position, October 11, 2010; and it is further ordered that the days as so credited shall reduce the remainder of the time he shall remain as a probationary weigh station operator, as applied against the maximum probationary term of 26 weeks, as provided in the Orange County Rules for the Classified Service rule XV (1) (d), or such shorter time as in the County’s discretion may be appropriate; and it is further ordered that Hernandez shall be compensated at the rate applicable to grade 7 weigh station operator for the period June 12, 2010 through October 11, 2010, and for the remainder of his probationary term, less unemployment benefits received of $1,005 during the suspension period.