■ In the Matter of JEANINNE WALLACE, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [989 NYS2d 388]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated November 19, 2010, which upheld the discontinuance of the petitioner's probationary service in the position of assistant principal, the New York City Department of Education appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Ash, J.), dated November 19, 2012, as granted the petition to the extent of remitting the matter to it "for the imposition of a penalty other than termination."

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Contrary to the petitioner's contention and the Supreme Court's determination, the challenged administrative determination merely discontinued the petitioner's probationary service as an assistant principal, and did not terminate her employment with the New York City Department of Education (hereinafter the appellant) altogether. Accordingly, having found that there was a valid basis for the appellant's determination that the petitioner's probationary service was unsatisfactory (*see generally Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 471 [2012]; *Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Lane v City of New York*, 92 AD3d 786 [2012]), the Supreme Court erred by, in effect, directing the appellant to take some alternative ameliorative measure other than the discontinuation of her probationary service. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.