In the Matter of THOMAS J. TRIOLA, Appellant, v RICHARD F. DAINES et al., Respondents. [3 NYS3d 113]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Health dated July 30, 2010, which terminated the petitioner's probationary employment as a senior medical conduct investigator, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered October 26, 2012,

which, upon a decision of the same court dated April 9, 2012, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Lane v City of New York*, 92 AD3d 786, 786 [2012]; *see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Capece v Schultz*, 117 AD3d 1045, 1046 [2014]). Here, the petitioner failed to carry his burden of presenting competent proof that his termination was improper (*see Matter of Lane v City of New York*, 92 AD3d at 786-787; *Matter of Deitch v City of New York*, 90 AD3d 924 [2011]; *Matter of Robinson v Health & Hosps. Corp.*, 29 AD3d 807, 809 [2006]). The record demonstrates that the petitioner's performance was consistently unsatisfactory despite repeated advice and assistance designed to give him the opportunity to improve, and, thus, that his discharge was not made in bad faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Goonewardena v State of N.Y. Workers' Compensation Bd.*, 95 AD3d 638, 638 [2012]; *Matter of Fichter v Egan*, 223 AD2d 516 [1996]). Accordingly, the Supreme Court properly denied the petition and dismissed this CPLR article 78 proceeding. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.