In the Matter of Susan Petkewicz, Appellant, v Robert B. Allers, Commissioner, Dutchess County Department of Community & Family Services, et al., Respondents. [27 NYS3d 263]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Dutchess County Department of Community & Family Services dated December 3, 2013, terminating the petitioner's probationary employment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated April 22, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was hired as a probationary CPS Case Manager II by the Dutchess County Department of Community & Family Services in April 2013. She received three written appraisals of her performance, the last two of which rated her performance as unsatisfactory. Her employment was terminated in December 2013, prior to the expiration of the 12-month probationary period. The petitioner then commenced

this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the termination of her employment. In a judgment dated April 22, 2014, the Supreme Court denied her petition and dismissed the proceeding.

The employment of a probationary employee "may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Lane v City of New York*, 92 AD3d 786, 786 [2012]; *see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Walsh v New York State Thruway Auth.*, 24 AD3d 755, 757 [2005]). Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for an improper or impermissible reason (*see Matter of Lane v City of New York*, 92 AD3d at 786; *Matter of Cooke v County of Suffolk*, 11 AD3d 610, 611 [2004]). The employee has "the burden of raising a material issue as to bad faith or illegal reasons, and conclusory allegations of misconduct or unlawfulness are insufficient to meet this burden" (*Matter of Cooke v County of Suffolk*, 11 AD3d at 611; *see Matter of Ward v Metropolitan Transp. Auth.*, 64 AD3d 719, 720 [2009]).

Here, the petitioner failed to meet her burden of raising a material issue as to bad faith or any other improper reason for her discharge. The record demonstrated that the petitioner's discharge had a rational basis, and that her allegations to the contrary were either conclusory or speculative in nature. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Lane v City of New York*, 92 AD3d at 786; *Matter of Cooke v County of Suffolk*, 11 AD3d at 611; *Matter of Gulemi v Bradley*, 267 AD2d 386, 387 [1999]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.