◼ In the Matter of JANINE JOHNSON, Appellant, v COUNTY OF ORANGE et al., Respondents. [29 NYS3d 502]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Orange County Sheriff, dated May 10, 2013, terminating the petitioner's probationary employment as a Deputy Sheriff, the petitioner appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated November 13, 2013, which granted the respondents' motion pursuant to CPLR 7804 (f) and, in effect, CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the respondents' motion pursuant to CPLR 7804 (f) and, in effect, CPLR 3211 (a) (7) to dismiss the petition in this proceeding. "On a motion pursuant to CPLR 3211 (a) (7) and 7804 (f), only the petition is

considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (*Matter of Brown v Foster*, 73 AD3d 917, 918 [2010]; *see Matter of Schlemme v Planning Bd. of City of Poughkeepsie*, 118 AD3d 893, 895 [2014]; *Matter of Lobaina v Human Resources Admin., Office of Child Support Enforcement*, 79 AD3d 884, 884 [2010]).

"The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Lane v City of New York*, 92 AD3d 786, 786 [2012]; *see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]). Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for the other improper or impermissible reasons set forth above (*see Matter of Johnson v Katz*, 68 NY2d at 650; *Matter of Lane v City of New York*, 92 AD3d at 786).

Here, the allegations of the petition were insufficient to state a cause of action that the petitioner's employment was terminated in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (*see Matter of Lane v City of New York*, 92 AD3d at 786; *Matter of Johnson v New York City Dept. of Educ.*, 73 AD3d 927 [2010]; *Matter of Ward v Metropolitan Transp. Auth.*, 64 AD3d 719 [2009]; *Walsh v New York State Thruway Auth.*, 24 AD3d 755 [2005]). Contrary to the petitioner's contention, the termination of her employment for the reasons she alleges did not violate her right of intimate association under the First Amendment to the United States Constitution (*see generally Roberts v United States Jaycees*, 468 US 609, 617-619 [1984]; *see Beecham v Henderson County, Tenn.*, 422 F3d 372, 375-376 [6th Cir 2005]; *Marcum v McWhorter*, 308 F3d 635, 637-639 [6th Cir 2002]; *Bates v Bigger*, 192 F Supp 2d 160 [SD NY 2002], *affd* 56 Fed Appx 527, 529 [2d Cir 2002]; *cf. Baron v Meloni*, 602 F Supp 614 [WD NY 1985]). Her claims that the Orange County Sheriff's Office tolerated other relationships such as the one in which she was involved and did not have a formal anti-fraternization policy were inadequate to state a cause of action that she was terminated in bad faith (*see Walsh v New York State Thruway Auth.*, 24 AD3d 755 [2005]). Moreover, the petitioner was not entitled to a statement of the reason for the termination of her probationary employment (*see Matter of York v McGuire*, 63 NY2d 760 [1984]).

Thus, the Supreme Court properly granted the respondents' motion to dismiss the petition (*see* CPLR 3211 [a] [7]; 7804 [f]). Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.