■ In the Matter of SHEHNAZ HIRJI, Appellant, v TAHIRA DUPREE CHASE, as Interim Superintendent of Schools for the Greenburgh Central School District, et al., Respondents. [56 NYS3d 562]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Greenburgh Central School District dated May 12, 2015, terminating the petitioner's employment as a teacher, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Minihan, J.), entered November 24, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Johnson v County of Orange*, 138 AD3d 850, 851 [2016] [internal quotation marks omitted]; *see Matter of Johnson v New York City Dept. of Educ.*, 73 AD3d 927 [2010]). Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for impermissible reasons (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Johnson v County of Orange*, 138 AD3d at 851; *Matter of Lane v City of New York*, 92 AD3d 786 [2012]).

The record supports the determination that the petitioner's employment was not terminated in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (*see Matter of Johnson v County of Orange*, 138 AD3d at 851; *Matter of Lane v City of New York*, 92 AD3d at 787). Contrary to the petitioner's assertions, the termination of her employment based on excessive absences, which occurred on days contiguous to school district holidays and had the effect of extending or prolonging those holidays,

purportedly for the purpose of religious observance, without prior permission of the school superintendent, was not done for an unconstitutional or illegal purpose. Furthermore, the petitioner failed to obtain the consent of the superintendent of schools for said absences, as required by the teachers' Collective Bargaining Agreement.

The petitioner's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.