Matter of Wong v Ponte (2019 NY Slip Op 04706)





Matter of Wong v Ponte


2019 NY Slip Op 04706


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-11439
 (Index No. 14684/16)

[*1]In the Matter of Jimmy Wong, appellant, 
v
Joseph Ponte, etc., et al., respondents.


Jimmy Wong, Woodside, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Barbara Graves-Poller of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated September 15, 2016, which terminated the petitioner's probationary employment as a correction officer, the petitioner appeals from a judgment of the Supreme Court, Queens County (Howard G. Lane, J.), entered August 30, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction which terminated his probationary employment as a correction officer.
A probationary employee may "be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Duncan v Kelly, 9 NY3d 1024, 1025; Matter of Swinton v Safir, 93 NY2d 758, 762-763; Matter of Marshall v Simon, 160 AD3d 648, 648-649; Matter of Mathis v New York State Dept. of Correctional Servs., 81 AD3d 1435, 1436). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Lane v City of New York, 92 AD3d 786, 786; see Matter of Marshall v Simon, 160 AD3d at 649; Matter of Johnson v County of Orange, 138 AD3d 850, 851).
Here, the petitioner did not demonstrate, or even adequately allege, that his employment was terminated in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Marshall v Simon, 160 AD3d at 649; Matter of Johnson v County of Orange, 138 AD3d at 851; Matter of Lane v City of New York, 92 AD3d at 786). Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court