Jones v New York City Tr. Auth. (2019 NY Slip Op 08848)





Jones v New York City Tr. Auth.


2019 NY Slip Op 08848


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06870
 (Index No. 3234/16)

[*1]In the Matter of Rawl A. Jones, respondent,
v
New York City Transit Authority, appellant.


David I. Farber, Brooklyn, NY (Kristen M. Nolan of counsel), for appellant.
Leighton M. Jackson, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated November 25, 2015, which terminated the petitioner's probationary employment as a conductor, the New York City Transit Authority appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated April 18, 2017. The order and judgment, insofar as appealed from, granted the petition, in effect, annulled the determination, and directed the New York City Transit Authority to reinstate the petitioner's probationary employment as a conductor.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
On September 28, 2015, the New York City Transit Authority (hereinafter NYCTA) hired the petitioner as a conductor from the open competitive civil service list, subject to a probationary period of employment. The petitioner failed both a final examination on November 17, 2015, and a "retest" on November 18, 2015. After the petitioner failed those exams and was notified that his probationary employment was subject to termination, he submitted to the NYCTA an "Application for Leave of Absence Due to Illness," which contained a physician's certification signed on November 18, 2015, stating that the petitioner suffered from a "cough, headache, runny nose, [and] upper respiratory infection" from November 17, 2015, to November 18, 2015, and could return to work on November 19, 2015. In a letter dated November 25, 2015, the petitioner requested that the NYCTA grant him a third opportunity to retake the final examination, indicating that he "would have passed it if [he] was not sick." He also indicated that on the date of the retest, he had asked to use the bathroom "about five minutes after the test began but permission was refused."
By letter dated November 25, 2015, the NYCTA notified the petitioner that his employment was terminated effective November 26, 2015, "due to an unsatisfactory probationary period." The petitioner subsequently commenced this CPLR article 78 proceeding against the NYCTA to annul that determination and reinstate his probationary employment. The Supreme Court, inter alia, granted the petition, in effect, annulled the determination, and directed the NYCTA to reinstate the petitioner's probationary employment as a conductor. The NYCTA appeals.
" The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or illegal purpose, or in violation of statutory or decisional law'" (Matter of Gagedeen v Ponte, 170 AD3d 1013, 1014, quoting Matter of Lane v City of New York, 92 AD3d 786, 786; see Matter of Ward v Metropolitan Transp. Auth., 64 AD3d 719, 720; Matter of Bourne v New York City Tr. Auth., 274 AD2d 581, 581). " The [employee] bears the burden of establishing such bad faith or illegal conduct by competent evidence rather than speculation'" (Walsh v New York State Thruway Auth., 24 AD3d 755, 757, quoting Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist., 1 AD3d 367, 368).
The Civil Service Commission requires that, for all permanent appointments, the employee must complete "a probationary term which shall include a minimum and a maximum period of probation" (4 NYCRR 4.5[a]). "Obviously, the reason for requiring a minimum period of probationary service is to assure a probationer a reasonable chance to demonstrate his or her ability" (Matter of Albano v Kirby, 36 NY2d 526, 532). Pursuant to paragraph 5.2.7(c)(1) of the Personnel Rules and Regulations of the City of New York (55 RCNY Appendix A), the minimum probationary period for "every appointment to a position in the competitive or labor class" is two months. Paragraph 5.2.7(b) provides that "whenever any agency has with the approval of the commissioner of citywide administrative services established a prescribed formal course of study or training for all probationary employees in a given title or titles, the agency head may, at the close of such course of study or training, terminate the employment of any probationer who fails to complete successfully such course of study or training, as the case may be." Further, paragraph 5.2.7(c) provides that "the agency head may terminate the employment of any probationer whose conduct and performance is not satisfactory after the completion of a minimum period of probationary service and before the completion of the maximum period of probationary service by notice to the said probationer and to the commissioner of citywide administrative services."
Here, the petitioner failed to meet his burden of demonstrating that the NYCTA's determination to terminate his employment prior to the completion of his minimum probationary period was in bad faith, for illegal reasons, or in violation of statutory or decisional law (see Matter of Wong v Ponte, 173 AD3d 879; Matter of Gagedeen v Ponte, 170 AD3d at 1014). The record demonstrates that the NYCTA made the determination to terminate the petitioner's employment after he failed to complete his "course of study or training" successfully (Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 5.27[b]). Contrary to the Supreme Court's determination, the NYCTA was not required, under these circumstances, to obtain the approval of the Deputy Commissioner for Citywide Personnel Services before terminating the petitioner's employment (Personnel Services Bulletins, 200-6R[I][F][2], [3]). Furthermore, the petitioner failed to demonstrate, based on his submission of a notice for an examination held on December 6, 2008—nearly seven years prior to the date that the petitioner's final examination was held—that he was not provided with advance notice that his employment would be terminated if he failed to pass the final examination. In any event, the notice submitted by the petitioner explicitly stated that only those who achieved a passing grade on the examination would be placed on an "eligible list" to be considered for appointment to the position of conductor.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
The NYCTA's contention concerning the statute of limitations, raised on appeal for the first time in its reply brief, is not properly before this Court (see Castaldini v Walsh, 166 AD3d 577, 578).
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court