In the Matter of NAYANA VYAS, Appellant, v CITY OF NEW YORK et al., Respondents. [20 NYS3d 39]—

Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 25, 2013, insofar as appealed from as limited by the briefs, granting respondents' cross motion to dismiss, pursuant to CPLR 3211 (a) (7), the petition seeking the annulment of respondents' denial of petitioner's appeals of her unsatisfactory ratings (U-ratings) for the 2009-2010 and 2010-2011 school years, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner, who was formerly employed by respondent New York City Department of Education (DOE) as a probationary teacher, brought this proceeding under CPLR article 78 to annul her U-ratings for the 2009-2010 and 2010-2011 school years. In lieu of answering the petition, respondents made a cross motion, pursuant to CPLR 3211 (a) (7), to dismiss the petition for failure to state a cause of action. Because petitioner has not pleaded any specific facts giving rise to a fair inference that the U-ratings were arbitrary, capricious, made in bad faith, or issued in violation of lawful procedure, Supreme Court properly granted the cross motion and dismissed the petition.

With regard to the U-rating for the 2009-2010 school year, petitioner's primary complaint is that she was evaluated based on assignments to teach science classes, which were outside her area of certification (mathematics). However, DOE was entitled to assign petitioner (who holds a medical degree) to teach science classes, notwithstanding that her certification is in mathematics. The provision of the Rules of the Board of Regents that prohibits assigning a teacher "to devote a substantial portion of [her] time in a tenure area other than that in which [she] has acquired tenure or is in probationary status, without [her] prior written consent" (8 NYCRR 30-1.9 [c]) is "not . . . applicable to city school districts located within cities having a population in excess of 400,000 inhabitants" (8 NYCRR 30-1.2 [e]), such as DOE (*see Steele v Board of Educ. of City of N.Y.*, 40 NY2d 456, 463 n 2 [1976]). Since DOE was entitled to make the teaching assignments in question, its evaluation of petitioner based on those assignments does not give rise to an inference that the resulting U-ratings were arbitrary, capricious, or made in bad faith, nor were the U-ratings issued in violation of lawful procedure. Further,

given that petitioner was a probationary teacher who could have been discharged at any time, for any lawful reason or no reason at all under Education Law § 2573 (1) (a) (*see Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520, 525 [1978]), bad faith cannot be inferred from the fact that the U-rating was issued after the school principal insisted that petitioner sign an agreement consenting to an additional year of probation to avoid being discharged. The petition's remaining allegations concerning the 2009-2010 school year also fail to raise an inference that her U-rating for that year was issued in bad faith or was otherwise improper.

The only basis alleged in support of petitioner's challenge to her U-rating for the 2010-2011 school year is the contention that it was issued in retaliation for her having filed a complaint with the State Department of Education against the principal who issued her U-rating for the previous year, when she was teaching at a different school. This fails to state a cause of action for annulment of the rating because petitioner's imputation of a retaliatory motive for the U-rating is entirely speculative; the specific facts alleged do not give rise to a fair inference that the U-rating was improperly motivated (*see Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [1st Dept 2011]). Notably, petitioner admits that she was assigned to teach within her area of certification during the 2010-2011 school year, and she alleges no procedural irregularities that might have undermined the integrity or fairness of the rating process for that year (*cf. Matter of Kolmel v City of New York*, 88 AD3d 527, 529 [1st Dept 2011]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.