Matter of Adelana v New York City Dept. of Educ. (2021 NY Slip Op 02976)





Matter of Adelana v New York City Dept. of Educ.


2021 NY Slip Op 02976


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 159200/19 Appeal No. 13786 Case No. 2020-04556 

[*1]In the Matter of Bababunmi Adelana, Petitioner-Appellant,
v
New York City Department of Education, et al., Respondents-Respondents.


Glass Harlow & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Melissa A. Crane, J.), entered May 28, 2020, denying the petition to annul a determination of respondents, dated May 20, 2019, which terminated petitioner's employment as a teacher, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly determined that to the extent the petition sought to challenge respondents' denial of petitioner's request to withdraw her prior resignation, such challenge was untimely (see CPLR 217[1]). Accordingly, we do not reach the parties' arguments concerning whether respondents correctly applied New York City Board of Education Chancellor's Regulation C-205.
The court also properly concluded that petitioner failed to meet her burden of demonstrating, by competent proof, that a substantial issue of bad faith existed warranting a hearing (see generally Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]). The documentary evidence, performance evaluations and petitioner's attendance issues support the determination that the discontinuance of petitioner's probationary service was not made in bad faith (see Matter of Hirji v Chase, 151 AD3d 857, 858 [2d Dept 2017]; and see Matter of Brown v Board of Educ. of the City Sch. Dist. of the City of N.Y., 156 AD3d 451, 452 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021