Monitronics Intl., Inc. v Northstar Alarm Servs., LLC (2021 NY Slip Op 05779)





Monitronics Intl., Inc. v Northstar Alarm Servs., LLC


2021 NY Slip Op 05779


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 654792/17 Appeal No. 14434-14434A Case No. 2020-04186 2020-04188 

[*1]Monitronics International, Inc., Plaintiff-Respondent-Appellant,
v
Northstar Alarm Services, LLC, Defendant-Appellant-Respondent. 


Hoguet Newman Regal & Kenney, LLP, New York (Damian R. Cavaleri of counsel), and Ray, Quinney & Nebeker P.C., Salt Lake City, UT (Matthew N. Evans of the bar of the State of Utah, admitted pro hac vice, of counsel), for appellant-respondent.
Rosenfeld & Kaplan, LLP, New York (Nicole E. Meyer of counsel), and Shook, Hardy & Bacon LLP, Kansas City, MO (David Brenton Dwerlkotte of the bar of the State of Missouri, admitted proc hac vice, of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 30, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment dismissing the first, second, and third counterclaims, unanimously affirmed, with costs. Plaintiff's appeal unanimously dismissed, without costs, as abandoned.
The first counterclaim alleges that plaintiff breached the parties' agreement by imposing a "cost recovery fee" on its customer contracts. However, defendant failed to identify any provision of the agreement that prohibited plaintiff from doing so. The second counterclaim alleges breach of the implied covenant of good faith and fair dealing under the agreement. However, the imposition of the fee did not work to prevent performance of the contract or withhold its benefits from defendant (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; Sorenson v Bridge Capital Corp., 52 AD3d 265, 267 [1st Dept 2008], lv dismissed 12 NY3d 748 [2009]). Rather, the conduct to which defendant objects is plaintiff's reconveyance to it of purported "bad contracts" after the contracts' pricing was changed, which resulted in an inflated chargeback fee claimed by plaintiff. This claim survived plaintiff's motion. The third counterclaim alleges tortious interference with contract. However, at the time the "cost recovery fee" was imposed, defendant was not a party to a contract with a third-party customer; the customer contracts were between plaintiff and third parties (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021