Belli v New York City Dept. of Transp. (2021 NY Slip Op 06746)





Belli v New York City Dept. of Transp.


2021 NY Slip Op 06746


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Oing, Shulman, Pitt, JJ. 


Index No. 156534/18 Appeal No. 14725 Case No. 2020-03710 

[*1]Mark Belli, Plaintiff-Appellant,
v
New York City Department of Transportation et al., Defendants-Respondents.


Mark Belli, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about January 31, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint fails to state a cause of action for declaratory judgment, as there is no justiciable controversy (CPLR 3001; see James v Alderton Dock Yards, 256 NY 298, 305 [1931]). Plaintiff no longer works for defendant New York City Department of Transportation (DOT), and in any event, he was already granted a conditional leave of absence and reinstatement by defendant New York City Human Resources Administration (HRA). Further, the declaratory judgment cause of action does not involve present prejudice to plaintiff, but only "hypothetical, contingent[,] or remote" prejudice, since plaintiff does not allege that he was penalized for engaging in actions permitted by HRA policy, or that he is likely to face disciplinary charges for any of those actions (American Ins. Assn. v Chu, 64 NY2d 379, 383 [1985], cert denied 474 US 803 [1985]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]).
The cause of action alleging that DOT unlawfully terminated plaintiff's probationary employment — a decision made by administrative determination — is time-barred. Plaintiff was fired almost 15 months before bringing this action, and a challenge to an administrative determination on the ground that it is contrary to law is subject to a four-month statute of limitations (see CPLR 217[1], 7803[3]). Nor does the complaint state a cause of action for unlawful termination, as the allegations themselves demonstrate a good-faith basis for termination due to lateness (see Matter of Duncan v Kelly, 9 NY3d 1024, 1025 [2008]; Matter of Adelana v New York City Dept. of Educ., 194 AD3d 463, 464 [1st Dept 2021]).
The cause of action alleging failure of immediate reinstatement by HRA is also time-barred, since plaintiff did not seek a writ of mandamus to compel reinstatement within four months after HRA expressly stated that its decision was delayed, or within four months of reinstatement (see CPLR 217[1], 7803[1]; Matter of Adelana, 194 AD3d at 464). In any event, the claim is moot because plaintiff was reinstated (see Matter of Hearst Corp., 50 NY2d at 713-714).
The complaint fails to state a cause of action based on whistleblower retaliation statutes, as it does not identify adverse employment actions caused by plaintiff's alleged complaints about HRA's failure to have a master plumber on staff, or its lack of an exposure prevention plan. Instead, the complaint identifies disciplinary charges arising from unrelated conduct that resulted in plaintiff agreeing to serve a suspension (see Civil Service Law § 75-b[2][a], [4]; Labor Law § 740[1][e], [2]; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). Furthermore, plaintiff's settlement of the disciplinary charges "demonstrate[s] [*2]an independent basis" for the adverse actions complained of, requiring dismissal of the Civil Service Law claim (see Civil Service Law § 75-b[4]; Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510-511 [1st Dept 2019]).
Plaintiff has abandoned his remaining claims concerning retaliation for union activities and failure to accommodate his disability by failing to brief them on appeal (see e.g. Van Damme v Gelber, 104 AD3d 534, 535 [1st Dept 2013], lv dismissed 22 NY3d 952 [2013]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021