Matter of Rodriguez v Sewell (2023 NY Slip Op 06102)

Matter of Rodriguez v Sewell

2023 NY Slip Op 06102

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 151589/22 Appeal No. 1097 Case No. 2023-00117 

[*1]In the Matter of Frank Rodriguez, Petitioner-Appellant,
v
Keechant Sewell etc., et al., Respondents-Respondents.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about July 7, 2022, denying the petition to annul a November 12, 2021 determination of the New York City Police Department (NYPD), which dismissed petitioner from his position as an NYPD Lieutenant effective November 10, 2021, or, in the alternative, to allow petitioner to vest his pension benefits with the NYPD, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In August 2020, petitioner entered into a settlement agreement to resolve prior misconduct charges which had been filed against him. In the settlement, he pleaded guilty to misconduct, and admitted that between June 2017 and February 2018, while assigned to the Housing Borough Response Team, he had engaged in conduct prejudicial to the good order and discipline of the NYPD by displaying his firearm multiple times in an inappropriate and unsafe manner, and then lied about it when interviewed by the NYPD. Petitioner agreed to be placed on dismissal probation for one year. That period could be extended if he was placed on suspension, modified assignment, restricted duty, limited duty or leave of absence.
Petitioner became romantically involved with a fellow officer and purchased a home together. They ended the relationship in January 2021. In late March 2021, NYPD placed petitioner on modified duty based on the fellow officer's complaints that he was stalking and harassing her, which resulted in her obtaining a temporary order of protection against him. NYPD's investigation of the complaints resulted in a recommendation to discipline petitioner. In October 2021, NYPD filed nine charges against petitioner alleging violations of Departmental regulations. No formal hearing was held. NYPD dismissed petitioner effective November 10, 2021. At the time of his dismissal, petitioner was still on modified duty, which extended the time of his dismissal probationary period.
As an employee on dismissal probation at the time of his dismissal, petitioner could have been dismissed without a hearing for any reason or no reason at all, so long as the dismissal was not unlawful or in bad faith (see Matter of Verma v Department of Educ. of the City of N.Y., 192 AD3d 616, 616 [1st Dept 2021]). Contrary to petitioner's contention, the allegations in the petition do not give rise to a fair inference that respondents' determination was made in bad faith (see generally Matter of Brown v Board of Educ. of the City Sch. Dist. of the City of N.Y., 156 AD3d 451, 452 [1st Dept 2017]; Matter of Vyas v City of New York, 133 AD3d 505, 505 [1st Dept 2015]). Petitioner failed to demonstrate, by competent proof, that a substantial issue of bad faith exists which may warrant a hearing (see Matter of Adelana v New York City Dept. of Educ., 194 AD3d 463, 464 [1st Dept 2021]; Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]). To the contrary, the record in this case, including petitioner's [*2]own admission that he placed a tracking device on his former girlfriend's vehicle without her authorization, which later led to additional disciplinary charges being filed against him, supports the conclusion that respondents' determination to dismiss petitioner was not made in bad faith(see Matter of Ahmed v O'Neill, 198 AD3d 471, 472 [1st Dept 2021]; Matter of Morrison v New York City Dept. of Corr., 198 AD3d 537, 538 [1st Dept 2021]).
Even assuming that the "shocks the conscience" standard applies to petitioner as a probationary employee, we find that the termination here does not shock the conscience (see Matter of Arroyo v O'Neill, 35 NY3d 1030, 1031 [2020], revg 175 AD3d 1150, 1151-1152 [1st Dept 2019]; Matter of Kelly v Safir, 96 NY2d 32, 39-40 [2001]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023